JOHN H. MCCANN *vs.* JOSEPH P. BASS.

Penobscot.    Opinion December 20, 1918.

*Landlord and tenant.   Facts constituting abandonment of rights under lease.    How lease may be terminated.*

This case involves an alleged eviction by the defendant and comes up on report. The plaintiff had a written lease of the premises, which he had vacated, but claimed not to have surrendered.   The defendant claimed the premises had been surrendered by mutual consent.

While several questions of law are raised in the briefs on each side, the case is finally resolved into a simple question of fact:   Did the plaintiff abandon and surrender his leasehold rights?

*Held:*

1.   That the defendant has sustained the burden of proof upon the question of abandonment and surrender.

2.   That R. S., Chap. 78, Sec. 16, does not prevent proof of surrender by "act or operation of law."

3.   That surrender was so accomplished in the present case.

Action for covenant broken.    Defendant filed plea of general issue, and also brief statement setting forth in substance that the tenancy by the plaintiff in the premises was simply a tenancy at will and that the plaintiff had voluntarily abandoned and surrendered any tenancy which he held in the premises.    Judgment in accordance with opinion.

Case stated in opinion.

*Edward P. Murray,* for plaintiff.

*Matthew Laughlin,* for defendant.

SITTING:   SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

SPEAR, J.   This case comes up on report, and is stated in the plaintiff's brief as follows:

This case was heard at Penobscot County, October Term, A. D. 1917, and by agreement was reported to the Law Court for its determination upon so much of the evidence as is legally admissible.

"The defendant in 1910 leased a store on Main Street, in Bangor, to the plaintiff for a period of five years, with the right of a further renewal of five years. Provided that the leasee at least three months before the expiration of said term or any renewal thereof, gave the lessor notice in writing of his election to claim such renewal. The first five years the rent was to be $700 per annum, and the other two periods the rental not to exceed $750 per annum. The plaintiff occupied the premises under the lease from its date, January 1st 1910, up to sometime in September, 1916, well into the second year of the second period of said lease. He did not give the notice in writing as stipulated in said lease, but did pay the higher rental, namely $750, stipulated in lease, beginning January 1st 1915. In September, 1916, after talking with the defendant, the plaintiff moved to another store, and was endeavoring to sell his lease when he was notified by the defendant that there was no lease in existence, and the defendant assumed control of the premises against the will of the plaintiff, remodelling the store, taking part of the basement and letting the balance of the store at an increased rental. And this action is for this eviction."    '

While several questions of law are raised in the briefs on each side, based upon different views of interpreting the evidence, the case is finally resolved into a simple question of fact: Did the plaintiff abandon and surrender his leasehold rights? It will serve no purpose to do more than give a summary of the facts upon which the decision of this question is based.

The plaintiff had a written lease, renewable on written notice. It is admitted that such notice of renewal was not given. But the want of such notice was not necessarily conclusive upon the plaintiff, as the notice might be waived, either expressly or by inference from the conduct of the parties, and the term of the lease continued by such waiver. By another provision of the lease the plaintiff could not sublet without the written consent of the defendant. Written consent was not given. The plaintiff, however, contends that the defendant orally agreed to permit him to sublet. The defendant stoutly denies any such agreement. We think the plaintiff fails to sustain the burden of proof on this issue. His contention contradicts (1) the terms of the written lease, in a provision that is vital to his interest, namely, written consent to sublet; (2) the positive testi-

mony of the defendant that he gave no oral permission to sublet. In
his denial of an agreement the defendant is corroborated by this
provision of the lease. While important, the fact that the plaintiff
could not sublet, is not conclusive upon him, as he could have kept
the store and paid the rent, at a loss. It is important in its bearing
upon abandonment. There are also other admitted transactions
which, in connection with the other circumstances, seem to be con-
clusive. First, the plaintiff had actually vacated the premises for
business purposes. Second, he actually gave up the key. The plain-
tiff, however, says he qualified the surrender of the key by saying to
Mr. Hubbard, he "would maintain his rights under the lease." Mr.
Hubbard, the defendant's agent, contradicts this and says, "he gave
it (the key) to me willingly." Here again the fact that he gave up
the key at all corroborates Hubbard, as it was an act inconsistent
with the plaintiff's general contention that, after all these violations
of the written terms of the lease, he still retained it upon oral grounds.

We are of the opinion that the defendant has sustained the burden
of proof upon the question of abandonment and surrender.

The plaintiff, however, invokes R. S., Chap. 78, Sec. 16, that "there
can be no estate created in lands greater than a tenancy at will, and
no estate in them can be granted, assigned or surrendered, unless by
some writing signed by the grantor, or maker, or his attorney."
But this statute was not intended to prevent the operation of a mutual
agreement between the parties, when consummated by the acts of the
parties. That is, when the lessee does the acts which prove his
intention to abandon and surrender, like vacating the premises and
giving up the key, and the lessor, in pursuance of such acts, goes into
actual occupation, then, by acts and operation of law, the lease is
terminated.

This construction has been fully endorsed by the court of Massa-
chusetts, and by analogy, by our own court. In *Talbot et al.* v.
*Whipple*, 14 Allen, 177, it is held: The rule of law, as now settled by
the recently adjudicated cases, is, that any acts that are equivalent to
an agreement of the part of a tenant to abandon, and on the part of
the landlord to resume possession of the demised premises, amount to
a surrender of a term by operation of law."

The court then recites the mutual acts of the parties, which prove
a surrender and abandonment of the term, and add: "The minds of

the parties, therefore, concurred in the common intent of relinquishing the relation of landlord and tenant, and they executed this mutual intent by acts that are tantamount to a stipulation to put an end to the lease."

*Heselton* v. *Seavey*, 16 Maine, 212, involves the same principle, although the parties to the action are reversed. In this case the lessor took possession of the leased building and relet it for the balance of the unexpired term, and at the same time sued the lessee for the rent for the unexpired term, on the ground that the surrender of the premises was not in writing, as required by the statute of frauds. The defendant pleaded the re-rental, and the court decided the case upon the rule of ouster by the plaintiff. But the fact remains that the court gave effect to the acts of the parties, regardless of the statute. At the beginning of the opinion, on page 214, we find this signficant sentence: "Since the statute of frauds there is no doubt that the surrender of a lease can be legally proved, only by deed or note in writing, *or, by act and operation of law.* While the case does not define the phrase "by act or operation of law," the inference is inevitable that a lease may be terminated by proof other than a deed or note in writing. We are unable to conceive of stronger proof by "act and operation of law" than a vacation of the premises and surrender of the key by the lessee, and the complimentary act by the lessor of taking actual possession.

The surrender of the premises by the lessee and acceptance thereof by the lessor, being incompatible with the continuance of the lease, the entry is,

*Judgment for defendant.*