# LEONG WAH YUET *v.* JOSEPH ASIU.

## No. 2265.

SUBMITTED JUNE 12, 1936.    DECIDED AUGUST 13, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

In the trial of the above cause, which involved an action for the recovery of a debt representing rent claimed by appellant to be due from appellee, the circuit judge sitting without a jury gave judgment for appellee. Appellant comes to this court on a bill of exceptions. The action is for rent for the months of September and October, 1934, amounting to $140 and alleged by appellant to be due her under a written lease dated April 15, 1933, by the terms of which appellant demised to appellee for five years certain premises at Wailuku, Maui, on which was located a poi factory, at a monthly rental of $70 payable in advance.

Appellee admits the execution of the lease and the occupancy of the demised premises by him up to September 1, 1934, to which time it is conceded that all rent had been paid. Appellee urged in the court below, as he does here, that prior to September 1, 1934, he had entered into an agreement with appellant (negotiated largely through A. K. Kim, appellant's duly authorized attorney in fact) by the terms of which appellee was to remove his poi machinery and other personal property and surrender the demised premises to appellant not later than August 31, 1934, and the lease was thereupon to be cancelled and each of the parties to be released and discharged from all obligations arising under the terms of the lease. That in fulfillment of this agreement the defendant did, on August 31, 1934, remove from the premises and surrendered the same to appellant and he is therefore under no legal or other obligation to appellant for the payment of rent accruing subsequent to that date. The evidence adduced at the

trial in the court below is conflicting and is lacking in clarity. The trial judge found from the evidence that as the result of a series of negotiations carried on between the parties, beginning in April, 1933, it was finally mutually agreed that the appellee was to vacate the premises on or before August 31, 1934, and surrender the demised premises to the appellant and thereupon the lease was to terminate. That in pursuance of this agreement the appellee did, on the date last mentioned, remove from and quit the premises and gave over the possession thereof to appellant and the lease was thus terminated by operation of law.

The appellant attempts to invoke the statute of frauds —that is section 3900, R. L. 1935—and advances the argument that because the lease was in writing a written agreement between the parties was required to effect a cancellation. Under the prevailing American rule a parol agreement unperformed cannot be enforced to cancel a written lease. Such an agreement does not *per se* bring about a cancellation of the lease but a parol agreement to surrender, acted upon by the parties, is sufficient to cancel the lease. This rule was adopted as early as 1867 by the supreme judicial court of Massachusetts in 14 Allen (Mass.) 177. (See also *McCann* v. *Bass,* 105 Atl. 130; *Baldwin* v. *Cohen,* 116 N. Y. S. 510; *Goldsmith* v. *Darling,* 92 Wis. 363; *Bradbury* v. *McLendon,* 80 So. 633.) In 27 C. J., p. 325, it is said that the statute of frauds has no application in the case of an oral agreement to surrender a lease acted upon by actual surrender and acceptance, such surrender and acceptance being sufficient to cancel the lease.

Plaintiff denied that she had resumed possession of the demised premises following the removal therefrom of the defendant on August 31, 1934. But notwithstanding this denial we think there was other evidence adduced from

which the trial judge was warranted in finding that the appellant agreed to the cancellation of the lease; that accordingly appellee removed from the property and surrendered the control and dominion thereof to appellant. There is evidence that she refused to grant appellee any extension of time within which to move his effects from the premises and that on the 31st day of August, according to Onishi, a disinterested witness, she said to appellee: "You hemo [move away; depart] today." It further appears that in order to comply with this demand appellee worked late into the night removing his effects from the demised premises. It further appears that the appellant resided adjacent to the demised property and from these, as well as other facts and circumstances testified to at the trial, we are unwilling to say that the circuit judge committed reversible error in concluding that the appellant and appellee mutually agreed to the cancellation of the lease and that in complying with the agreement appellee removed from the premises and the appellant resumed possession thereof.

The evidence presented at the trial and the fair and reasonable inferences and deductions which the circuit judge was authorized to draw therefrom were in our opinion sufficient to sustain his conclusions. It has often been held by this court that the findings of fact by a circuit judge sitting without a jury in an action at law cannot be disturbed by this court upon exceptions if there was some substantial evidence before the court, more than a scintilla, sufficient to support the findings.

This court will in such a case refuse to weigh conflicting evidence or substitute its view of the same for that of the trial judge. (*Paki* v. *Saffery,* 29 Haw. 250.)

It appears that in some of the negotiations carried on between the plaintiffs in reference to the proposed cancellation of the lease the appellant was represented by A. K.

Kim, her agent, acting under a written power of attorney. Counsel for appellant argues that the power of attorney merely granted to Kim the authority to enter into a lease and to collect the rents therefrom but no authority was granted to Kim to cancel any existing lease. The broad general terms of the power of attorney executed by appellant to Mr. Kim were, in our opinion, sufficiently comprehensive to authorize him to agree with appellee to cancel the lease and to bind appellant to the terms of the agreement thus entered into.

All of the several exceptions brought to this court by appellant, after full consideration, have been found to be without merit. Exceptions overruled.

*E. Vincent* for appellant.
*E. R. Bevins* for appellee.