W. P. HURLEY *vs.* LUCY C. FARNSWORTH, Admx.

Knox.    Opinion November 8, 1910.

*Executors and Administrators.    Claims Against Estate.    "Waiver."    Statute, 1907, chapter 186.    Revised Statutes, chapter 89, section 14.*

1.  The written claim presented to an executor, or administrator, under Revised Statutes, chapter 89, section 14, must exhibit the nature, as well as the amount, of the claim.

2.  A written claim for "balance due Jany. 1, 1904, $2265.50" does not exhibit the nature of the claim and is not a compliance with the statute.

3.  A waiver in pais is more than a passive, negative state of mind.   It is a positive, affirmative act; not mere negligence to claim a right, but a voluntary choice not to claim it.

4.  When an executor or administrator has received a written claim that does not exhibit the nature of the claim, he is not bound to call attention to the defect, and his omission to do so is not sufficient evidence of a waiver of his statutory right to be informed of the nature of the claim; nor is his statement that he "will not pay a wrong bill" sufficient evidence of such waiver.

On exceptions by plaintiff.

The bill of exceptions states the case as follows :

"This was an action of assumpsit upon an account annexed for the recovery of a claim against the estate of one James R. Farnsworth deceased.   The declaration and account annexed are made a part of these exceptions.

"The defendant seasonably demurred to the declaration, demurrer was sustained, and plaintiff had leave to amend.   The amendment is made a part of these exceptions.

"To prove the presentation to the administratrix of the claim required by section 14, chapter 89, Revised Statutes, as amended, plaintiff offered the account annexed as a true copy of the paper presented to the administratrix for that purpose.   That it was a true copy was admitted.   Defendant admitted that said paper was properly sworn to, seasonably presented, and the action seasonably brought.

"The defendant contended that the first item in said paper was not a compliance with the statute, to the extent of said first item, and therefore, to that extent, not a claim within the meaning of said statute and seasonably objected to its admission, to that extent, and to the admission of all evidence tending to prove said first item, or the items in the amendment. These contentions were overruled, for the purposes of the trial.

"The plaintiff contended that said paper was a compliance with said statute, legally admissible and that the evidence received in support of said first item, and the amendment was legally admissible.

"From the foregoing admitted facts and from the cross-examination of the defendant, now made a part of these exceptions, plaintiff contended that the defendant had waived the objections by her now asserted against the legality or regularity of the paper presented to her as aforesaid.

"The plaintiff introduced evidence tending to prove the various debits and credits in the amendment, with other evidence in support of the remainder of the account annexed. The general verdict was for the plaintiff in the sum of $2803.49. By special finding the jury found that of said general verdict the sum of $1426.00 was due the plaintiff under the amendment.

"If the Law Court is of the opinion that the foregoing paper, to the extent of the first item thereof, is a legal claim, within the meaning of the statute aforesaid, and the evidence thereunder admissible, defendant admits that the general verdict should stand.

"Defendant admits that if the foregoing contention of plaintiff as to waiver should have been sustained then the general verdict should stand.

"If, however, the contentions of the defendant as above stated, are now sustained, and the contention of plaintiff as to waiver is overruled, then it is agreed between the parties that the sum found due under the amendment shall be deducted from the general verdict and remainder thereof shall stand."

The gist of the case is stated in the opinion.

*Foster & Foster,* and *Arthur S. Littlefield,* for plaintiff.

*Heath & Andrews,* for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

EMERY, C. J. By R. S., ch. 89, sec. 14, as amended by ch. 186 of the Public Laws of 1907, it is enacted that (with certain exceptions not applicable to this case) all claims against estates of deceased persons "shall be presented to the executor or administrator in writing, or filed in the probate office," etc., and that no action shall be commenced against an executor or administrator on any such claim until thirty days after the claim has been so presented, etc. The plaintiff in this case against the estate of James R. Farnsworth did, thirty days before the commencement of his action, present to the defendant the administratrix of the estate, a writing headed "Estate of James R. Farnsworth, Miss Lucy C. Farnsworth Admx. to W. P. Hurley—Debtor"—and containing numerous items of cash paid and of labor performed at various times and also containing various items of credit. The balance due plaintiff was stated to be $4562.34. This balance, however, included another item, the first in the list, stated as follows: "1904 Jan'y 1. To balance due Jan'y 1, 1904 $2265.50." The only controversy is over this item.

1. The first question presented is whether this particular claim for $2265.50 was so presented in writing as to be a compliance with the statute cited. The purpose of the statute was declared in *Marshall* v. *Perkins*, 72 Maine, 343, at page 345, as follows. "The evident design was to prevent actions involving needless cost and expense to the estate in collecting honest claims against it, by compelling a claimant to hand to the administrator the nature and extent of his claim and allow the reasonable prescribed period for investigating it." To effect this purpose, the administrator is entitled to have disclosed in the writing the nature, as well as the extent, of the claim ; to have disclosed what considerations are claimed to have been received by the deceased from the claimant, or what torts committed by him against the claimant. At the least, the administrator is entitled to as much particularity of statement in the prior presentation of the claim, as he would be entitled to in the declaration in an action against him. The intent

of the statute is to give him thirty days before suit in which to investigate the claim proposed to be put in suit. If he cannot have all the information the suit itself would disclose, he does not have the opportunity for prior investigation contemplated in the statute. Tried by this test, the writing in question is clearly not a compliance with the statute. In *Bennett* v. *Davis*, 62 Maine, 544, the statement of the claim was, "To groceries as per bill of particulars rendered." It was held to be insufficient to show cause of action. In *Turgeon* v. *Cote*, 88 Maine, 108, the statement of claim was "For balance due on account, for labor performed and materials furnished as contractor for wood work for the erection and construction of the above buildings, as per agreement,— $725." Held insufficient. The court said (page 111) "It is not alleged what the price of the work contracted for was, nor does it in any way appear what any or all the items are, constituting the balance due on account of $725. The defendant is entitled to know. what these particulars are before he can be required to determine whether he will admit or contest the claim." By parity of reasoning an executor or administrator is entitled to as much information in the written presentation of a claim to him.

2. The second question is whether the defendant administratrix waived her right to the information required by the statute to be given her thirty days before suit could be commenced. A waiver in pais is something more than a passive, negative state of the mind. It is a positive, affirmative act. It is an intentional relinquishment of a known right. The intention to waive is essential to be proved. Of course it may be proved otherwise than by evidence of express declarations. It may be inferred from acts and even from non-action, but, whatever the evidence, it must have probative force sufficient to prove that there was in fact an intention to waive the right, though of course it may be assumed that the party intended what all his words, acts or non-action under the circumstances, naturally and logically indicate to have been his intention. There must appear, not mere negligence to claim the right, but a voluntary choice not to claim it. *Stewart* v. *Leonard*, 103 Maine, 125,

at page 132.  *Burnham* v. *Austin*, 105 Maine, 196, at page 199 ; *Farlow* v. *Ellis*, 15 Gray, at page 232.

In considering the evidence reported and relied on to prove waiver, it should be borne in mind that there was but one presentation of claim though made up of numerous items; that all those items except the single one in controversy were in compliance with the statute and amounted to over $2000.   It should also be borne in mind that, as to the single item in controversy, the defect in the statement of it is not in form only but is a defect in substance, the omission of material matter.

The evidence goes to this extent only :   Upon receiving the written statement of the claim, the defendant sent it to her counsel in a distant town, and did nothing more about it ;  did not ask for any other or further statement or information.   When the plaintiff afterward met her on the street and asked if she would not rather pay the bill than have a law suit, she answered she would not pay a wrong bill.   She did not tell him that his claim as presented did not embrace all the items it should, and she did not express any objection to the form of the claim, but she does not appear to have been asked whether she had any objection to the form of the claim, or desired any further information or more detailed statement.   The talk appears to have been casual and brief.

We think it clear that the evidence does not establish the proposition that the defendant intentionally waived the duty of the plaintiff to furnish her with the information required of him by the statute.   It was not her duty to ask for the information.   It was his duty to furnish it.   Neither was it her duty to point out to him omissions in his claim as presented.   It was his duty to present his whole claim, all the items and details of it.   Assurance from her merely that she would not pay a wrong bill did not release him from the duty of presenting his claim as required by the statute before beginning his action.   At the most, that assurance could only apply to the claims or items of claim that were sufficiently presented.

The counsel for the defendant contended that an executor or administrator could not lawfully waive the requirement of the statute, but we have here no occasion to consider that question.

According to the stipulation of the parties the sum of $1426.00 must be deducted from the amount of the general verdict for the plaintiff $2803.49 and judgment be rendered for the balance $1377.49 with interest from the date of the verdict.

*So ordered.*