EUREKA LUMBER COMPANY v. MAJOR WHITLEY.

(Filed 10 September, 1913.)

1. Contracts—Options—Timber Deed—Extension of Time—Conditions—Strict Compliance.

Where a timber deed provides that, upon payment of a stated consideration and prior notice given, the grantee shall have an extension of time beyond that originally granted in which to cut the timber, the extension clause is merely an option and is strictly construed, requiring an exact compliance with its terms, and in order to be available to the grantee, he must give the notice before the expiration of the original period for cutting and pay or make a proper tender of the consideration named.

**2. Same—Due Diligence—Trial—Questions for Jury.**

> The plaintiff in this case, having failed to give the prior notice of his intention to avail himself of his option for an extension of the original period of time for cutting the timber upon the lands, or to pay the consideration expressly provided for in his deed to the standing timber, the question of due diligence, and excusable delay, upon the evidence, if admissible, was one to be determined by the jury, under proper instructions, and the fact that the plaintiff gave the cash consideration to the sheriff with direction to deliver it to the defendant does not, in itself, constitute due diligence.

APPEAL by plaintiff from *Whedbee, J.,* at May Term, 1913, of BEAUFORT.

This action was brought to compel the defendant to execute a deed for the renewal of a timber contract, which had expired.

On 2 January, 1905, William J. Cutlar, being the owner of a tract of land, conveyed to the plaintiff the timber thereon, with the privilege of cutting and removing the same within seven years from the date of the deed, that is, on or before 2 January, 1912. There was a clause for the extension of the time, at the option of plaintiff, for the term of three years, provided notice of the intention to extend it should be given to vendor or his assigns before the expiration of the seven years fixed by the original contract for cutting and removing the timber. Notice was not given until 5 January, 1912, or three days after the last day allowed for giving it. Plaintiff alleges that he was excused from a strict compliance with the contract, because defendant had left Beaufort County, the place of his former residence, in November, 1911, and he could not find him to serve the notice. The defendant went to Rocky Mount, N. C., and made a short visit to Florence, S. C., returning to Rocky Mount about the middle of December, 1912. Horton Cutlar, agent of plaintiff, having charge of the matter, had a deed of extension prepared for execution by defendant, and afterwards, in November, 1912, met the defendant, on a Sunday, but said nothing to him about executing the deed. On 15 December, 1912, this agent was told by defendant's brother, B. H. Sheppard, that defendant was in Rocky Mount, but it

does not appear that any steps were taken to have the contract renewed or the time for cutting the timber extended. There was other evidence in the case. The jury returned the following verdict:

1. Was the plaintiff ready, able, and willing to pay the defendant the sum provided in the contract introduced in evidence for the extension of time in which to cut said timber, on 2 January, 1912. Answer: Yes.

2. If so, was plaintiff's failure to do so, until 5 January, 1912, due to its inability to find the defendant, after using due diligence? Answer: No.

The judge charged the jury fully as to what, in law, was due diligence, and left it to the jury as an open question of fact to decide, upon the issues, whether the plaintiff had exercised proper care and diligence, under the circumstances. Plaintiff appealed from the judgment upon the verdict.

*Rodman & Bonner for plaintiff.*
*Ward & Grimes for defendant.*

WALKER, J., after stating the case: There can be no doubt now that the plaintiff, in order to avail itself of the privilege to extend the time of cutting, must have given notice and made a proper tender of the consideration therefor before the expiration of the first period allowed for cutting and removing the timber, and this is recently so decided in *Rountree v. Cohn-Bock Co.,* 158 N. C., 153. See *Bateman v. Lumber Co.,* 154 N. C., 248; *Powers v. Lumber Co., ibid.,* 405; *Product Co. v. Dunn,* 142 N. C., 471. A unilateral contract of this kind, binding the owner of the land without any corresponding or correlative obligation or duty of the other party to him, and regarded in its essence as a mere option, is strictly construed, and exact compliance will be required. *Alston v. Connell,* 140 N. C., 486. The only question, therefore, is whether there has been such compliance. The court instructed the jury correctly as to what constituted due diligence, and the jury have found, upon the evidence, that there was not such diligence, and we think the verdict was the only one the jury could well have

rendered in the face of the facts and circumstances. The plaintiff not only failed to show due diligence, but the evidence rather tended to prove the contrary. It is singular that the plaintiff should have been so remiss in caring for its interests, if it really intended to renew the contract for the extended period. Placing the money in the hands of the sheriff, with instructions to deliver it to defendant, does not alter the case, and was not, in itself, diligence as matter of law. The judge allowed it to be considered by the jury as a circumstance on the question of due diligence. There is nothing in the case, we think, but a pure question of fact, which the jury have settled against the plaintiff.