ELIZA S. HUMPHREY'S CASE.

Suffolk.   March 29, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act.   Husband and Wife.*

Under the workmen's compensation act, as at common law, a woman cannot be the employee of her husband.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to Eliza S. Humphrey, the wife of A. H. Humphrey, employed as the cashier and bookkeeper of her husband, who kept a store in Hingham which he carried on alone under the name of Humphrey Brothers, for compensation for a fracture of her right arm sustained on the evening of December 29, 1914, by falling on an icy walk outside her husband's store.

In the Superior Court the case was heard by *Lawton,* J., who made a decree in accordance with the decision of the Industrial Accident Board.   The insurer appealed.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*A. V. Harper,* for the employee.

RUGG, C. J.   Eliza S. Humphrey acted as cashier and bookkeeper for her husband, who was conducting a store business. They lived together in a house near the store.   She was injured within the plot of land occupied by the store while going to the

home. She received regular wages from her husband, who was a "subscriber" under the workmen's compensation act. Her service began at a time when her husband and his brother as copartners were carrying on the business, but the husband subsequently acquired the interest of his brother, and she continued her work as before.

The question is, whether a wife can be an employee of her husband under the workmen's compensation act. It is provided by St. 1911, c. 751, Part V, § 2, that "'Employee' shall include every person in the service of another under any contract of hire, express or implied, oral or written," with exceptions not here material. Plainly a wife working for her husband is not within the scope of this definition. Obviously one cannot be an employee without a contract. That is recognized by the words of the act. Employment presupposes a contractual relation. A married woman cannot make a contract express or implied with her husband. R. L. c. 153, §§ 2, 4. *Woodward* v. *Spurr*, 141 Mass. 283, 284. *National Bank of Republic* v. *Delano*, 185 Mass. 424. A married woman cannot make a valid contract with a partnership of which her husband is a member. *Edwards* v. *Stevens,* 3 Allen, 315. *Fowle* v. *Torrey*, 135 Mass. 87. The circumstance that in the case at bar the wife began working for the partnership composed of her husband and his brother is immaterial. It is clear, also, aside from the definition, that the workmen's compensation act does not purport to extend the obligations of the employer to persons who were not employees at common law or outside the act (except in the unusual case provided for in Part III, § 17, see *White* v. *George A. Fuller Co.* 226 Mass. 1). It is mainly a substitute for other common law and statutory remedies for those persons who rightly are included within the descriptive phrase of employees at common law. This is clear from the several sections of Part I as to "Modification of Remedies." Manifestly a wife cannot be an employee of her husband outside the workmen's compensation act. She cannot be an employee of her husband under the terms of that act.

There is no ground for the application of the doctrine of estoppel against the insurer. Estoppel can result only from words or conduct which have induced another to change his position to his harm and which to a reasonable person ought to have seemed

likely to produce that result.  *Tyler* v. *Odd Fellows' Mutual Relief Association,* 145 Mass. 134, 138.  *Huntress* v. *Hanley,* 195 Mass. 236, 241.  The record is utterly devoid of evidence upon which to base a finding of such conduct on the part of the insurer.

It becomes unnecessary to determine whether the wife sustained injuries arising out of and in the course of her work in aid of her husband.  The decree must be reversed and a new decree be entered to the effect that there is no claim against the insurer.

*So ordered.*