DONOVAN MOTOR CAR COMPANY *vs.* LOUVILLE V. NILES.

Suffolk.    May 24, 1923. — June 22, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant*, Option of renewal.   *Time.*

A suit in equity to enforce the provision of an option for renewal of a lease of
real estate cannot be maintained where, from findings by a judge warranted
by the evidence, it appears that, in order for the option to be effectual, the
lessee was required to give notice of his intention to exercise it three months
before the expiration of the term of the lease and that such notice was not
given, nor was its requirement waived by the landlord.

Time is of the essence of an option, whether the question arises in an action
at law or in a suit in equity.

BILL IN EQUITY, filed in the Superior Court on May 26,
1922, to enjoin the defendant from interfering with the
plaintiff's enjoyment of a leasehold under the terms of an
alleged renewal of the lease by the exercise of an option
included in its provisions.

In the Superior Court, the suit was heard by *McLaughlin*,
J., a commissioner having been appointed under Equity
Rule 35 to take the evidence.   Material facts found by the
judge are described in the opinion.   A final decree was
entered dismissing the bill.   The plaintiff appealed.

The case was submitted on briefs.

*W. A. Kneeland & J. T. Pugh,* for the plaintiff.

*S. T. Lakson,* for the defendant.

BRALEY, J.   The defendant by assignment has succeeded
not only to the rights of the lessors but is bound by their
covenants.   *Peters* v. *Stone,* 193 Mass. 179.   The term of
the lease was for five years from the first day of August, 1917,
and the plaintiff entered into and has remained in posses-
sion of the premises until the bill was filed May 26, 1922.
But the habendum clause after stating the term, reads,
" Together with the option of renewal on the part of said
lessee for an additional term of five . . . years commencing

August 1st, 1922, provided written notice of its intention to exercise said option is given by said lessee to said lessors at least three . . . months prior to said first day of August 1922." It was not contemplated that a new lease should be made but at the election of the lessee the term should be extended for five years more, and by the express wording of the lease it was a condition precedent that the plaintiff should give three months' notice before August 1, 1922, and that the notice must be in writing. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 270. It was admitted that no notice in writing was given until May 19, 1922. The plaintiff however contends that such notice was waived by the defendant's acceptance of an oral notice of the plaintiff's election to renew. A lessor undoubtedly may waive an express provision for notice which is for his benefit. *Wood* v. *Edison Electric Illuminating Co.* 184 Mass. 523. But the judge has found that there was no waiver, and while the evidence is reported, the finding which was a question of fact does not appear to have been plainly wrong. It accordingly must stand. The remaining contention is that time not being of the essence of the contract the written notice was sufficient. The short answer is, that whether the question arises either at law or in equity it is settled that " time is of the essence of an option." *Carter* v. *Phillips,* 144 Mass. 100. *Boston & Worcester Street Railway* v. *Rose,* 194 Mass. 142. *Morgan* v. *Forbes,* 236 Mass. 480. It follows that the decree dismissing the bill should be affirmed with costs.

*Ordered accordingly.*