[Civ. No. 2801.   Third Appellate District.—May 24, 1924.]

JOHN J. CARNEY, Jr., Appellant, v. H. W. HEISCH, Respondent.

[1] LANDLORD AND TENANT—LEASES—OPTION TO RENEW—CONDITIONS —NOTICE.—"A notice of an election to renew in order to be binding upon the lessor must state an intention to renew on such terms and for such a period as are specified in the lease. If the lessee has an option to renew for a period particularly specified, or at a particular rental, a notice by him that he will renew for a different period or at a different rental is nugatory and it may be ignored by the lessor. In fact, such a notice of an election to renew the lease on different terms is an offer, not to renew, but to make another lease, and it will be regarded by the law as an implied election not to renew the old lease."

[2] ID.—LEASES—UNLAWFUL DETAINER—OPTION TO RENEW—FINDINGS —JUDGMENT—EVIDENCE.—A lessee's option having been to renew the lease for a further period of two years, and the trial court having found in an unlawful detainer action instituted by the lessor that the lessee renewed the lease for a further period of one year, and having adjudged that the lessee was in lawful possession under such renewal, if it be conceded that the evidence was sufficient to show that the lessee, in effect, notified the lessor of the former's election to renew the lease for a further term of two years, the trial court did not find in accordance with such evidence and the judgment was inconsistent with the rights of the parties under the lease.

---

(1) 35 C. J., p. 1021, sec. 150.   (2) 36 C. J., p. 668, sec. 1888; 38 Cyc., p. 1966 (Anno.), p. 1967.

1.  See 15 Cal. Jur. 661; 16 R. C. L. 893.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Reversed.

The facts are stated in the opinion of the court.

Clarence N. Riggins for Appellant.

Frank L. Coombs and Nathan F. Coombs for Respondent.

FINCH, P. J.—This is an action for unlawful detainer. The plaintiff leased certain lands to defendant "for a period of one year commencing on November 1st, 1922, and ending on October 31st, 1923." The lease contained the following provisions:

"It is understood that the said property is for sale, and this lease is executed with that knowledge. The party of the second part hereby agrees that in the event that a sale of the said property be made during the term of this lease, that he will quit and surrender the possession of said property at the end of any annual period of said lease, after written notice by him received. . . .

"It is further stipulated and agreed, that in the event that said property be not sold at the expiration of the term hereof and that the party of the second part shall have fully complied with all the terms, covenants and agreements of this lease, that then he shall be entitled to a renewal thereof for a further period of two years."

The complaint, which was filed November 19, 1923, alleged the execution of the lease, the entry of the defendant thereunder, that the term thereof had expired and that defendant was unlawfully continuing in possession of the premises. The answer denied the termination of the lease and alleged among other things, that "under the terms of said lease the privilege was granted to defendant to renew the same and to occupy the said premises under the terms thereof for a further period of one year from and after the 31st day of October, 1923, and that the defendant exercised said privilege, and by due notice thereof renewed the same for said additional period and now lawfully occupies said premises under and by virtue of said renewal, and is entitled to said possession under the terms of said lease until the 1st day of November, 1924."

The court found all the allegations of the answer to be true and adjudged "that the defendant was on the 1st day of November, 1923, ever since has been, and now is in lawful possession of the premises described in plaintiff's complaint under a renewal of the lease as set forth in said answer." It is thus adjudged that the defendant exercised his option to renew the lease, not for "a further period of two years," as provided for in the lease, but for a period of one year only. Under the judgment, the defendant may quit the premises, without incurring any liability therefor, on the 31st of October, 1924, while under the terms of the lease, the exercise of his right of renewal would impose upon him the legal obligations to hold the premises and perform the covenants of the lease until October 31, 1925. In other words, the defendant's option was to renew the lease for a further period of two years, not for one year only.

[1] "A notice of an election to renew in order to be binding upon the lessor must state an intention to renew on such terms and for such a period as are specified in the lease. If the lessee has an option to renew for a period particularly specified, or at a particular rental, a notice by him that he will renew for a different period or at a different rental is nugatory and it may be ignored by the lessor. In fact, such a notice of an election to renew the lease on different terms is an offer, not to renew, but to make another lease, and it will be regarded by the law as an implied election not to renew the old lease." (Underhill on Landlord and Tenant, p. 1381; see, also, *Mershon* v. *Williams,* 62 N. J. L. 779 [42 Atl. 778].) [2] If it be conceded that the evidence is sufficient to show that the defendant, in effect, notified plaintiff of the former's election to renew the lease for a further term of two years, the court has not found in accordance with such evidence and the judgment is inconsistent with the rights of the parties under the lease. Since the evidence on a retrial of the case may not be the same as that contained in the record, a review of the evidence herein would serve no useful purpose.

The judgment is reversed.

Weyand, J., *pro tem.,* and Plummer, J., concurred.