## 14031

POPE v. GOETHE *ET AL.*

(179 S. E., 319)

*Messrs. Searson & Searson,* for appellant,

*Mr. Randolph Murdaugh,* for respondents,

March 28, 1935.

The opinion of the Court was delivered by MR. G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

This action was instituted by M. P. Pope, plaintiff, against Michel Goethe and Ginn Products & Milling Company, a partnership composed of W. N. Ginn and the estate of E. R. Ginn, defendants, in January, 1933, wherein the plaintiff sought an injunction, restraining the defendants from trespassing upon a certain tract of land described in the complaint, and from interfering with or removing any of the timber or trees from said property. A temporary restraining order was issued at the time of the commencement of the action. It was tried before his Honor, Judge Johnson, at the June, 1933, term, without a jury, who, after hearing the testimony, passed a decree, dissolving the temporary injunction, denying the relief sought, and dismissing the complaint. From this decree, within due time, plaintiff appealed upon exceptions which will hereinafter be considered.

On November 10, 1928, the defendant Goethe executed and delivered to the plaintiff a certain instrument in writing wherein and whereby there was conveyed unto the plaintiff all timber and trees down to a certain size, on the tract of land described in the complaint, for a period of

four years from the date of said instrument; and, among other provisions therein contained, was one reading as follows: "And I do further covenant and agree that the said M. P. Pope, his legal representatives or assigns, shall have the right to renew this lease, together with all of its rights and priveliges for a period of one year upon payment to grantor of the sum of Three Hundred and Fifty ($350.00) Dollars, payable in advance; provided, this provision can only be exercised by the said M. P. Pope, his legal representatives or assigns, upon written notice to the grantor given ninety (90) days prior to the expiration of this lease."

This lease was duly recorded in the office of the Clerk of Court for Hampton County on December 12, 1928.

This controversy arises over the attempted exercise by the plaintiff Pope of the privilege granted in said renewal clause. The facts with reference thereto, as found by the Circuit Judge and fully sustained by the testimony, are as follows:

In May, 1932, plaintiff called upon the defendant Goethe and sought to induce him to reduce the amount of the consideration provided to be paid in the event that the privilege for one year's extension should be exercised. Goethe told him that he would write him shortly just what he would do in respect to his request. In a few days thereafter, May 28, 1932, Goethe wrote Pope the following letter: "After giving our conversation due consideration regarding the timber lease, I will do this, Mr. Pope. If you will send me a check for $250.00 within 10 days I will be glad to renew your lease for one year as you requested. Under normal times I would not have charged you one cent. But I have lost about everything I have made in the past 20 years and I need money now more than I ever did in my life. If you are interested in this proposition, Mr. Pope, and will mail me ck. within 10 days from this date and renewal lease I will sign and return you promptly."

On May 30, 1932, Pope replied to this letter as follows: "I have your letter regarding the extension on the timber lease on your place. I am sorry that you put the price so high for I had hoped that you would not charge me for the extension asked. I feel that as you sold this timber when it was high and you were paid in full for it in cash, that having had the entire and free use of all the money all the time that as timber is so low and timber had to sell you would not mind extending the time of cutting a year. Of course it's up to you but in like cases I have extended time without cost to parties who were caught in lots less hard places than I am in this case. I'm writing to ask that you reconsider and certainly make the consideration not over $100.00."

To this letter was the following postscript: "Or a 2 year extension for $200.00."

To this letter Goethe did not reply.

"In the late spring or early summer of 1932, Newsom also approached Goethe in behalf of Pope and tried to get Goethe to grant the extension without consideration, and it further appears from the testimony of Harvey, the man to whom Pope had leased the turpentine rights, that as late as June or July, 1932, he asked Pope if he was aware of the ninety day clause in the contract, and Pope advised him that he was and further advised him that he had not taken advantage of the option. That in the latter part of October or early part of November, 1932, Goethe also informed him that Pope had not exercised his option under the contract.

"That nothing further, whatsoever, was done by Pope until the afternoon of the 10th of November, 1932, when Pope called upon Goethe and at that time after some conversation Goethe informed Pope that, as he had failed to give him notice in writing ninety days prior to the expiration of the four year period, he had no further rights in the premises; and Pope returned that night about ten

o'clock and made a tender of Three Hundred Fifty ($350.-00) Dollars to Goethe which the latter refused.

"The testimony further shows that thereafter in the latter part of November, 1932, Goethe approached Ginn and asked him if he was interested in the purchase of the timber on the property in question and negotiations were had which led up to the purchase by Ginn Products & Milling Company of said timber, the sale being consummated on the 15th day of December, 1932, when Goethe conveyed same to Ginn Products & Milling Company for valuable consideration."

The testimony further shows that, before purchasing the timber, Ginn went to the office of the Clerk of Court to examine the records, found the recorded lease in question, that no renewal had been recorded, and inquired of the Clerk of Court if any funds had been deposited with him for Goethe's account. The clerk informed him there was no such deposit.

The exceptions of appellant, twelve in number, raise three principal questions, namely:

(1) Did the appellant, in seeking the renewal of said lease, comply with the provision requiring written notice to Goethe, 90 days prior to its expiration, of his intention to exercise the privilege of renewal?

(2) If not, did respondent Goethe by his conduct waive said provision?

(3) Was respondent Ginn Products & Milling Company a *bona fide* purchaser for valuable consideration without notice of the alleged claim of the appellant?

All of these questions were determined by the Circuit Judge adversely to appellant.

We shall discuss them in the order stated:

The renewal privilege contained in the lease partakes of the nature of an option, unilateral in character, binding the owner of the land without any

corresponding obligation on the other party, in which time is ordinarily of the essence, and is strictly construed. *A. C. Tuxbury Lumber Co. v. Byrd et al.,* 131 S. C., 32, 127 S. E., 267, 269; *Eureka Lumber Co. v. Whitley,* 163 N. C., 47, 79 S. E., 268.

In *Lumber Co. v. Byrd, supra,* the Court, in construing a timber deed which gave 15 years in which to remove the timber, with such additional time as the grantee may desire for cutting and removing the same, upon payment of a stipulated sum, used the following language: "The provision for extension, conferring a privilege and unilateral in its obligation, partakes of the nature of an option, in which time is ordinarily of the essence, and the accepted doctrine applicable to such contracts is that they should be strictly construed in favor of the grantor or optionor."

Where notice of the exercise of the option is required in a certain manner, time is of the essence, and exact compliance will be required. *Eureka Lumber Co. v. Whitley, supra; Donovan Motor Car Co. v. Niles,* 246 Mass., 106, 140 N. E., 304.

Where a lessee has a right of renewal, provided he gives notice at or before a specified time to the lessor of his intention to exercise the privilege of renewal, in the absence of waiver, the giving of the notice is a condition precedent which must be complied with within the stipulated time; and, in the absence of special circumstances warranting a Court of equity in granting relief, the right to a renewal is lost if the notice is not given in accordance with the provisions of the lease. *F. B. Fountain Co. v. Stein,* 97 Conn., 619, 118 A., 47, 27 A. L. R., 976, and annotation; *Donovan Motor Car Co. v. Niles, supra.*

Notice of the election to renew must indicate the unconditional and unqualified determination of the lessee to exercise his option. *Goldberg v. Himlyn,* 121 Misc., 580, 201 N. Y. S., 837; *Carney v. Heisch,* 67 Cal. App., 465, 227 P., 780.

With the foregoing principles in mind, it is clear that the contention of appellant—that the letter written by him to Goethe on May 30, 1932, constituted compliance with the clause requiring 90 days' written notice of his desire to renew—is without merit. It did not indicate the definite, unconditional, and unqualified exercise by appellant of the option. This letter was nothing more than a request by appellant that he be granted an extension without payment of any money whatsoever, or an offer to pay Goethe $100.00 if he would grant a 1-year extension thereof, or $200.00 for a 2-year extension. Appellant was seeking to make a new or modified contract. Having failed to give the required notice, appellant's right of renewal was lost, unless the notice was waived.

We have carefully examined the record, and it does not sustain appellant's contention as to waiver. On the contrary, it shows that Goethe was standing upon the terms of the contract. It is true that Goethe, after appellant had sought to induce him to reduce the stipulated renewal price, offered in his letter of May 28, 1932, to reduce the amount payable to secure the renewal, subject to the conditions therein set out. Appellant did not see fit to accept the offer, and in his letter of May 30, 1932, requested further reduction. Nothing further was done until November 10, 1932, the expiration date of the 4-year period, when a tender was made of $350.00, stipulated renewal price, which Goethe refused, informing appellant that he had not carried out the terms of the contract and no longer had any rights thereunder.

We may add, further, that there is nothing in the record to show that the failure of appellant to exercise the option in the manner required was due to any misleading representation or conduct of Goethe.

Appellant complains of the reasons assigned by his Honor, Judge Johnson, for the insertion of the 90-day clause. We are not concerned with the reasons

for such provision. The parties had a right to insert this provision, and the Courts will enforce the contract as it is written.

Having reached the foregoing conclusions, the question as to whether the respondent Ginn Products & Milling Company was a *bona fide* purchaser for value. without notice becomes academic.

While we have not taken up the exceptions *seriatim,* all of the exceptions have been carefully considered.

It is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. ACTING ASSOCIATE JUSTICE A. L. GASTON, concurring:

The opinion of this Court by Judge Oxner amply and clearly covers the issues and is a full statement of the law on the subject. This case was argued before the decision was rendered by this Court in the case of *Paul E. Hutto v. John L. Wiggins,* 178 S. E., 869, filed March 11, 1935, and written by Mr. Justice Bonham, to which attention is called, and which fully sustains the legal conclusions reached in the present case.