MEDOMAK CANNING COMPANY
*vs.*
HARRY Q. YORK

Knox.    Opinion, March 17, 1948.

*Alan L. Bird,*
*Samuel W. Collins, Jr.,* for plaintiff.

*Berman and Berman,* Lewiston, Maine, for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.

OPINION.

TOMPKINS, J.   Appeal by the defendant from the final decree of a single justice in equity sustaining a bill brought by the plaintiff, and decreeing that the lease between the plaintiff and the defendant had been renewed and was in full force and effect.   On plaintiff's motion and petition for temporary injunction the court on an *ex parte* hearing granted a restraining order against the defendant interfering with the plaintiff in the harvesting of the 1946 crop of blueberries on certain land located in New Sharon, Franklin county, upon the filing of a $5,000 bond.   Bond was filed and the restraining order duly issued.   The plaintiff thereafter harvested the crop of blueberries, but not until after the defendant had harvested a part of the crop before the restraining order was served on him, and after he, the defendant, had made a contract to sell the crop to another purchaser.   Upon the service of the restraining order the defendant did not harvest or attempt to harvest any more of the crop, but abided by the restraining order.

192

The lease under which the proceeding arose was prepared by the plaintiff and mailed to the defendant for signature. It ran for a period of five years from the 11th day of October 1940, ending October 11th, 1945, and granted to the plaintiff the option to make two successive renewals of five years each under the following condition as set out in the lease: "In order to exercise each successive option the lessee shall give to the lessor written notice in not less than thirty days prior to the end of the then existing term of renewal, and on giving of such notice the renewal shall be deemed effective without the necessity of any further act or instrument." The lease was made for the following limited use: "For the purpose of growing blueberries thereon with the right to clear and burn the land, to dust the crops grown thereon, and to harvest the same at such time or times as is convenient for the lessee." The rent to be paid was set out in the following terms: "Yielding and paying therefor the net market price of all blueberries grown thereon f.o.b. at the factory at Winslow Mills, Maine, after deducting all the expenses necessary to produce said blueberries such as clearing and burning the land, dusting and harvesting the crop, and incidental expenses connected therewith."

It is admitted that the plaintiff did not exercise its option to renew by giving the thirty days' notice in writing, and from a careful perusal of the testimony no express notice in any form, either written or oral, was ever given by the plaintiff to the defendant before the expiration of the first five-year period. Whatever business was done in connection with the lease was transacted through Emma York, the wife of the defendant, as his agent.

The plaintiff bases its grounds for equitable relief (1) on the allegation that in September 1944, just prior to the 20th of that month, a certain conversation took place between Mr. Theodore Bird, treasurer, and Mr. Henry Bird, president, of the plaintiff corporation, on the one hand, and Emma York, acting in her capacity as agent of her husband. Mr. Theodore Bird testified as follows to the conver-

sation: "It happened at the factory there in New Sharon, after we had gotten through on blueberries and were canning corn. She came up to me one day there and asked me to talk with her—came up to me to talk about the blueberries, and she wanted us to send her a check for the blueberries that we had taken off there that year, and I said, I expressed some doubt about it being fair, because we had had our money tied up in this for four years and had never gotten out of it, nevertheless, she thought we should send her a check for the blueberries and that she stated we would get our money for the money that we were going to expend in the coming fall, out of the 1946 crop." Mr. Henry Bird testified as follows to the conversation: "Mrs. York came to me and she says "Mr. Bird, we need the money very much for those blueberries, and won't you please pay us for that crop that you took off this year 1944." I said "The only trouble with that, Mrs. York, is that we have got to spend a large sum of money in clearing the bushes, cleaning the land and preparing it this fall and haying and burning and so forth in the spring." "Well," she said, "If you pay me the money, why you can get that expense out of the 19— the expense you have put out you can get out of the 1946 crop." This conversation is denied by Mrs. York. There was no direct conversation in the testimony about any renewal or extension of the existing lease for a further period. On October 5th, 1944, the plaintiff, after deducting all expenses incurred for 1944 and balance of expenses incurred for previous years, forwarded by mail a letter and a check to the defendant for $432.98, the net balance due the defendant at that time. The check was dated September 20, 1944. In the letter transmitting the check no reference was made to the conversations above set forth.

(2) Between September 20, 1944 and January 1, 1945, the plaintiff spent $762.54 in preparing the ground for the 1946 crop. (3) In January, April and May 1945 the plaintiff expended $96.10 in preparation of the land for the 1946 crop. It is claimed by the plaintiff, as a crop is har-

vested every other year, it was necessary to prepare the land in this manner, in advance of the 1946 crop. Apparently this was the last work done on the land and the last time entry was made by the plaintiff until the spring of 1946, when the plaintiff's servants and agents started to dust the blueberry bushes and were ordered off the land by the defendant. The lease, by its express terms, did not provide for a new lease on the giving of the thirty days' notice. The language of the condition is "On giving of such notice the renewal shall be effective without the necessity of any further act or instrument." This provision was an option for an extension of the lease. *Holly v. Young*, 66 Me. 520; *Perry v. Line Co.*, 94 Me. 325; 47 A. 534; *Carrano v. Shoor et als.*, 118 Conn. 86; 171 A. 17.

The plaintiff claims that written notice for the renewal or extension of the lease was waived by the defendant and the lease was extended by acts of the parties, under the testimony as above set forth. The party claiming a waiver must, of course, prove the facts on which he relies for such waiver, and the intention to waive. *Knickerbocker Life Ins. Co. v. Norton*, 96 U. S. 234; 24 L. Ed. 689; *Dougherty et al. v. Thomas*, 313 Pa. 287; 169 A. 219; *Hurley v. Farnsworth*, 107 Me. 306; 78 A. 291. The decision as to matters of fact of a single justice sitting in a case in equity should not be reversed unless it clearly appears that such decision is erroneous. The burden to show the error falls upon the appellant. *Brickley v. Leonard*, 129 Me. 94-97; 149 A. 833; *Lutick v. Sileika*, 137 Me. 30; 14 A. (2nd) 706.

Notice of the exercise of the option is for the benefit of the lessor, but lessor may waive an express provision for notice. *Donovan Motor Car Co. v. Niles*, 246 Mass. 106; 140 N. E. 304; *Wood et al. v. Edison Electric Illuminating Co.*, 184 Mass. 523; 69 N. E. 364; *Khourie Bros. v. Jonakin*, 300 S. W. 612; *Ketchum v. Oil Field Supply Co.*, 99 Okl. 201; 226 P. 93; *McCann v. Bass*, 117 Me. 548; 105 A. 13. Where the lessee has the right of renewal "Provided he gives notice at or before a specified time to the lessor of his inten-

tion to exercise the privilege of renewal, it is ordinarily held that the giving of the notice is a condition precedent which must be complied with within the stipulated time, and that, in the absence of special circumstances warranting a court of equity in granting relief, the right to renewal is lost if the notice is not given in accordance with the provisions of the lease." 27 A. L. R. 981, Sec. 2 and cases there cited.

Since thirty days' written notice was a condition precedent to effect an extension of the lease, and was never given as provided for, the right to an extension of the lease was lost. *Pope* v. *Goethe,* 175 S. C. 394; 179 S. E. 319; 99 A. L. R. 1005; *Fountain Co.* v. *Stern,* 97 Conn. 618; 118 A. 47; 27 A. L. R. 927. The plaintiff has no right of relief unless it can establish a waiver of the condition, or such acts as will bring it within the power of equity to relieve, and this it claims to have done. The plaintiff bases its claim of waiver upon the disputed conversations of September 1944, and the fact that it expended money between September 1944 and January 1945, and between January 1945 and May 1945 in preparing the land for the 1946 crop. The lease was in full force at the time the acts relied upon by the plaintiff occurred. After the last labor was performed upon the leased property in May 1945 it does not appear from the testimony that any negotiations or talk took place between the parties, nor was an entry made upon the property by the plaintiff, until some time in the spring of 1946, several months after the lease, as defendant claimed, had terminated. At the time the plaintiff entered for the purpose of dusting the blueberry bushes it was forbidden by the defendant to proceed with the work because the defendant claimed the lease was terminated by the failure of the plaintiff to give the written notice.

Waiver is a voluntary, intentional relinquishment of a known right. It may be shown by words or acts, and may arise from inference from all the attendant acts as well as from express manifestations of purpose. Whether there

has been a waiver established when it is to be implied from numerous acts is usually a question of fact. Whatever the evidence it must have probative force to prove the intention to waive. *Suburban Land Co.* v. *Brown*, 227 Mass. 166; 129 N. E. 291; *Colbath* v. *Lumber Co.*, 127 Me. 406; 144 A. 1; *Hurley* v. *Farnsworth, supra;* *Libby* v. *Haley*, 91 Me. 331; 39 A. 1004; *Dougherty* v. *Thomas, supra.* "A waiver may be express or implied. In the absence of an express agreement it will not be implied contrary to the intention of the party whose rights would be injuriously affected thereby unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended or consented to. To make a case of waiver of a legal right there must be a clear, unequivocal and decisive act of the party showing such a purpose, or acts amounting to an estoppel on his part." *Dougherty* v. *Thomas, supra;* *Rogers* v. *Whitney*, 91 Vt. 79; 99 A. 419. There must appear, not mere negligence to claim the right, but a voluntary choice not to claim it. *Hurley* v. *Farnsworth, supra.*

The conversations relied upon by the plaintiff to show a waiver did not relate to the option for renewal of the lease or its extension, but simply pointed out to the plaintiff the manner in which it could obtain reimbursement under the lease. The defendant did not waive the required notice. There was no casual relationship between these conversations and the failure of the plaintiff to exercise the option, without which the plaintiff could not successfully invoke the principle of waiver or estoppel. The plaintiff was not unaware of the risk of not giving the required notice. There is nothing in the testimony indicative of any mutual intention to waive the exercise of the option. There is nothing in the evidence that appears to have been done by the defendant, of a malicious, wrongful or deceptive nature to induce the plaintiff not to exercise the option. The defendant had changed his position after the plaintiff failed to give the required notice. There was no "Clear, unequivocal and decisive act" of the defendant showing an intention to

waive the notice, or acts amounting to estoppel on the part of the defendant.

The giving of the written notice was a condition precedent to an extension of the lease for an additional term of five years. Time was of the essence of the option. The parties made it so in the lease. *Pope* v. *Goethe, supra; Donovan Motor Car Co.* v. *Niles, supra.* The condition not having been performed within the time prescribed, and not having been waived, equity cannot aid the lessee to avoid the natural and reasonable consequences of its own negligence, to which the lessor in no way contributed. *Goldberg Corporation* v. *Goldberg Realty & Invest. Co.,* 134 N. J. Eq. 415; 36 A. (2nd) 122; *Rogers* v. *Saunders,* 16 Me. 92 at 97; 33 Am. Dec. 635; *Jones* v. *Robbins,* 29 Me. 351 at 353; 50 Am. Dec. 593.

The evidence, considered in the light most favorable to the plaintiff, does not as a matter of law entitle the plaintiff to the relief granted by the decree. The decree appealed from is not supported by the evidence.

> *Appeal sustained.*
> *Decree below reversed.*
> *Case remanded for a decree in*
> *accordance with this finding.*