MICHAEL E. GELARDI *vs.* JOHN A. AKESON.   April 5, 1949.   Exceptions overruled.   The plaintiff has excepted to the refusal of a judge in the Superior Court to give certain requested rulings at the trial of an action for personal injury and property damage resulting from a collision of a truck of the defendant with that of the plaintiff.   The jury returned a verdict for the defendant. The requested rulings related to inferences which the jury permissibly might draw from portions of the evidence and the right of the plaintiff to rely on certain anticipated conduct of the defendant's operator.   There was no error in this refusal.   See *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47; *Burgess* v. *Giovannucci*, 314 Mass. 252, 255; *Liberatore* v. *Framingham*, 315 Mass. 538; *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 641.

*H. N. Steinberg*, for the plaintiff.

*J. W. Flood*, for the defendant.


MARCUS FLAHERTY'S CASE.   April 5, 1949.   Decree affirmed.   This is an appeal by the husband of the insured employer from a decree of the Superior Court dismissing a claim for compensation under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as amended.   It is settled by *Humphrey's Case*, 227 Mass. 166, that under the act the relationship of employee and employer cannot exist between husband and wife.   Here, as in *Humphrey's Case*, the record is devoid of evidence upon which to base an estoppel.

*J. E. Lydon*, for the claimant.

*P. S. Ratzkoff*, for the insurer.


JOHN FITZGERALD *vs.* OSCAR A. SPEAR.   June 2, 1949.   Appeal dismissed. In this action of summary process judgment was rendered in the District Court against the defendant, hereinafter called the petitioner.   Thereafter he brought a petition in that court to vacate judgment, which was denied, and judgment on the petition was entered accordingly, from which the petitioner appealed to the Superior Court.   See *Donnelly* v. *Montague*, 305 Mass. 14, 16. G. L. (Ter. Ed.) c. 231, § 97.   In the Superior Court the record discloses merely that the petition was "denied after hearing" and that the petitioner's requests for rulings and findings of fact were denied.   The petitioner appealed from the denial of his petition (which we treat as an order for judgment) and from the denial of his requests.   The requests do not appear in the record — and properly so — since they are not part of the record on appeal.   *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 717.   The appeal is not rightly here. The statute governing appeals in actions at law is G. L. (Ter. Ed.) c. 231, § 96.   The order appealed from, although "decisive of the case," was not "founded upon matter of law apparent on the record" within the meaning of these words in § 96.   *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22. Obviously the order was not within any other class of orders appealable under that section.

*M. L. Fahey*, for the petitioner, submitted a brief.

No argument nor brief for the respondent.