1189

33 FLAVORS STORES OF VIRGINIA, INC., Respondent v. HOFFMAN'S CANDIES, INC., Jurgen Zimmer and Mary Zimmer, Defendants, of whom Jurgen Zimmer and Mary Zimmer are Appellants. Appeal of Jurgen ZIMMER and Mary Zimmer.

(270 S. E. (2d) 293)

Court of Appeals

*John L. Sweeny,* of *Hudson & Sweeny,* Myrtle Beach, *for appellants.*

*Judith J. Honeycutt,* Myrtle Beach, *for respondent.*

*E. Windell McCrackin,* Myrtle Beach, and *Dennis Smith,* Surfside Beach, *for defendants.*

June 27, 1988.

SHAW, Judge:

Respondent, 33 Flavors Stores of Virginia,. Inc. (hereinafter 33 Flavors), instituted this action against its lessor, Hoffman's Candies, Inc.(hereinafter Hoffman), and its sublessee, appellants Jurgen and Mary Zimmer (hereinafter the Zimmers). 33 Flavors sought an order declaring it to be the proper tenant of the subject premises. It also sought ejectment of the Zimmers, termination of the sublease agreement and money damages. The Zimmers counterclaimed alleging breach of the sublease. The matter was referred to a master-in-equity who found in favor of the Zimmers. From an order of the circuit court reversing the master in part, the Zimmers appeal. We affirm.

The issue presented on appeal is whether the Zimmers timely exercised their option to renew under the sublease. The trial judge's order convincingly sets forth and disposes of this issue and we therefore adopt the majority of his order. However, as this is the second appeal in this case, the respondents in the lower court are appellants before this court and the appellant below appears before us as a respondent. We therefore follow the pattern of the order of the trial judge with the necessary modifications.

This action arises out of a dispute over two lease agreements, one between the prime landlord, Hoffman, and its tenant, 33 Flavors, and the other between 33 Flavors and its subtenant, the Zimmers. Hoffman leased the business premises located on Ocean Boulevard, Myrtle Beach, to 33 Flavors by written lease agreement dated March 24, 1977, for a period of five years terminating on April 31, 1982. The lease contained an option to renew for two additional five year periods. 33 Flavors subleased these premises by a written lease agreement dated April 29, 1977, for an identical five year period terminating on April 30, 1982. The sublease agreement also contained an option to renew for two additional five year periods. The Zimmers became the subtenants by a written assumption and assignment dated August 19, 1980. The option to renew in both the prime lease and the sublease provided the option "shall be exercised by the giving of four (4) months written notice prior to the expiration of the within term ..." In addition, both the prime lease and the sublease contain this identical language relating to the giving of notice.

> All notices or demands upon the Lessor or Lessee desired or required to be given under any of the provisions hereof shall be *in writing* ... and any notices or demands from the Lessee to the Lessor shall be deemed to have been duly and sufficiently given if mailed by U.S. Registered or Certified Mail in an envelope properly stamped and addressed to the Lessor.... (emphasis added).

As a result of the foregoing provisions, the last effective date to exercise the option to renew on both the prime lease and the sublease was December 31, 1981, four months prior to April 30, 1982. It is undisputed that the Zimmers did not send a written certified letter regarding their intent to exercise the option to renew on or before December 31, 1981. The record reveals the Zimmers sent a written certified letter attempting to exercise the option to renew on January 4, 1982, four days after the time to renew had expired.

On January 25, 1982, 33 Flavors sent a certified letter to Hoffman attempting to exercise its option to renew the prime lease. This letter was dated twenty-five days after the time to renew had expired. 33 Flavors also introduced a March 9, 1981, letter to Hoffman allegedly sent by certified mail attempting to exercise the option to renew. However, the testimony concerning this 1981 letter was controverted and Hoffman denied ever receiving this letter. Hoffman advised 33 Flavors in writing that its attempt to exercise the option on January 25, 1982, was not timely and that Hoffman would not renew its prime lease with 33 Flavors. 33 Flavors in turn wrote the Zimmers and informed them that their sublease would also terminate at the end of April, 1982. Thereafter, the Zimmers executed a new written lease agreement directly with Hoffman.

In his report, the master concluded 33 Flavors had failed to timely renew the option. He further found had 33 Flavors timely exercised the option to renew the prime lease, the Zimmers' sublease would have been renewed and they could have sold their business as they had planned.

This finding is clearly against the greater weight of the evidence which included an admission by Jurgen Zimmer that he did not send certified written notice of his intention

to renew on or before December 31, 1981. The master correctly cited the law set forth in *Southern Silica Mining and Manufacturing Company v. Hoefer*, 215 S. C. 480, 56 S. E. (2d) 321 (1949) as to 33 Flavors. However, the master failed to apply the legal precedent to the Zimmers.

Because of its unilateral nature, an option to renew a lease is strictly construed against the party claiming the option. *Southern Silica Mining and Manufacturing Co.* 56 S. E. (2d) at 328. Where, as in this case, notice of the exercise of the option is required in a certain manner, time is of the essence and exact compliance will be required. *Pope v. Goethe*, 175 S. C. 394, 179 S. E. 319 (1935). Where a lessee has a right to renew upon giving notice to the lessor at or before a specified time, in the absence of waiver, the giving of notice is a condition precedent which must be complied with within the stipulated time; and, absent special circumstances warranting relief from a court of equity, the right of renewal is lost if notice is not given in accordance with the provisions of the lease. *Id.* 179 S. E. at 321.

There is nothing in the record before us to indicate the failure of the Zimmers to exercise the option in the manner required was due to any misleading representation or conduct on the part of 33 Flavors. The only reason advanced for the delay in notice was that the Zimmers' attorney's office was closed on December 31, 1981. The sublease agreement does not require the Zimmers to retain an attorney to prepare the notice. The Zimmers could have prepared the notice themselves. Further, the Zimmers could have prepared, or had an attorney prepare the notice before the December 31, 1981, deadline. The failure to give notice of intention to renew as required by the contract was the sole fault of the Zimmers. We find no special circumstances excusing the Zimmers from the required time limitation.

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.