10173

BIBER v. DILLINGHAM.

(98 S. E. 798.)

1. LANDLORD AND TENANT—NOTICE TO VACATE—SUFFICIENCY—EVIDENCE —JUDGMENT.—In an action to eject a tenant, a judgment reciting that "the evidence not only fails to show that notice (to vacate) was given, but, on the contrary, shows that it was not," is not subject to the contention that the Court did not decide that no notice was given, but only that sufficient notice was not given, since the words are plain, and, besides, insufficient notice in such case is no notice.

2. LANDLORD AND TENANT—RENTAL CONTRACT—TERMINATION—PROCEED-INGS.—Where landlord and tenant have entered into a contract as to the time and mode of terminating tenancy, their rights are to be determined by the fair construction of the contract, and not by tech-nical rules applying only to termination of a tenancy at will under statutory provisions.

3. LANDLORD AND TENANT—CLOSE OF TENANCY—NOTICE TO VACATE— AGREEMENT—STATUTORY PROCEDURE.—Where landlord and tenant had a rental agreement by which the property was held by the month, requiring on the part of each, 30 days' notice for termination, there could be no termination until the procedure provided by the parties was practiced to end the tenancy, notwithstanding the landlord's pro-cedure under Civ. Code 1912, sec. 3509.

4. LANDLORD AND TENANT—PROCEEDING TO EJECT TENANT—BURDEN OF PROOF.—In a landlord's proceeding to eject a tenant, the burden was upon the landlord to prove by a preponderance of the evidence that he had given the notice to vacate required by the rent contract.

5. LANDLORD AND TENANT—NOTICE TO VACATE—INTENTION—CONTRACT— STATUTE.—It is ordinarily true that landlord's notice to vacate ten-ancy is not to be strictly construed, it being sufficient if the intention to exercise the option is fairly communicated, but it must amount to a demand to vacate at the time after notice fixed in the rent contract, or, if a tenancy at will, it must conform to statute.

6. LANDLORD AND TENANT—NOTICE TO VACATE TENANCY—EVIDENCE— SUFFICIENCY.—In an ejection proceeding by a landlord, evidence *held* not to warrant the conclusion that the landlord had proceeded under the contract by giving notice to quit tenancy 30 days after notice, as required by rent contract.

7. LANDLORD AND TENANT—EJECTMENT—EXPIRATION OF CONTRACT— NOTICE—STATUTE.—Civ. Code 1912, sec. 3509, providing for ejection of tenant after notice becomes operative only "after the expiration of * * * contract for rent," so that a statutory demand by the landlord,

made in an interview with the tenant before the expiration of such contract, did not entitle the landlord to put in force the remedies of the statute.

8. LANDLORD AND TENANT— NOTICE TO VACATE TENANCY—CONTRACT RIGHT TO NOTICE—WAIVER—EVIDENCE.—Where a tenant was entitled under a rent contract to 30 days' notice of the termination of tenancy, and with knowledge of such right offered to vacate the tenancy, but did not set a date for so doing, such action did not amount to a waiver of right to 30 days' notice.

Before SEASE, J., Spartanburg, Summer term, 1918. Affirmed.

Suit by Rosalie A. Biber, as landlord, against W. R. Dillingham, tenant, brought before a magistrate under Civ. Code 1912, sec. 3509, to eject the defendant, tenant. Judgment for the landlord, which the Circuit Court, upon appeal, reversed, and the plaintiff appeals

*Mr. L. A. Phifer,* for appellant, cites: *As to sufficiency of notice to tenant of the termination of the contract:* Code of Laws of South Carolina (1912), sec. 3509; 54 S. C. 264; . Am. & Eng. Enc. (2d Ed.), vol. XXVIII, p. 399; Am. & Eng. Enc. (2d Ed.) 397; Am. & Eng. Enc. (2d Ed.), vol. XXVIII, p. 400; Cyc., vol. XXIV, 1332-1333.

*Messrs. Lyles & Daniel,* for respondent, cite: *As to insufficiency of notice given tenant of termination of contract:* Tiedeman Real Prop. (Enlarged Ed.), sec. 218; 18 A. & E. Enc. L. (20) 297; 24 Cyc. 133; 24 Cyc. 1339; 15 Hun. (N. Y.) 475; Wash. Real Prop., 3d Ed., vol. I, p. 525; 18 A. & E. Enc. L. (29), 205; 24 Cyc. 1338. *This Court will not review the finding of the Circuit Court that notice had not been given:* 4 Rich. L. 23; 100 S. C. 309.

March 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Proceeding before a magistrate, under section 3509 of the Code of Laws, by a landlord to eject a tenant. The magis-

trate decided the case for the landlord; the Circuit Court reversed that judgment; and the appeal here is from the judgment of the Circuit Court.

The pith of the judgment below is that "the evidence not only fails to show that notice was given, but, on the contrary, shows that it was not," and that is the only issue in the case; and it is largely an issue of fact.

The appellant suggests at the outset that the Circuit order does not evidence that which the Court decided; that the Court in fact did not decide that notice was not given, but only that sufficient notice was not given. But the words of the order constitute the only evidence of what the Court decided, and the words we have quoted are plain. Besides that, insufficient notice in a case like this is not notice at all.

The appellant admits that the tenant held "by the month on thirty days' notice; Dillingham (the tenant) to notify Scruggs (the landlord) thirty days, or Scruggs to notify Dillingham thirty days." Such, then, was the contract betwixt the parties. "As the parties in this case have entered into a contract as to the time and mode of terminating the tenancy, their rights are to be determined by the fair construction of that contract, and not by the technical rules which apply to the termination of a tenancy at will where there is no contract on the subject." *May v. Rice,* 108 Mass. 152, 11 Am. Rep. 328.

The general issue of fact is, was the contract carried out by the landlord? and the particular issue of fact is, did conduct of the landlord, when he went to see the tenant to get possession, amount to a notice by the landlord to the tenant to vacate the house within 30 days after the day of such interview? It is not pretended that the landlord gave to the tenant formal notice in writing that the house must be given up within 30 days from the giving of the formal notice. It is not pretended that at the interview betwixt the parties, set up by the landlord for notice, that

the landlord by word of mouth expressly told the tenant to vacate within 30 days thereafter. The only contention is that what was said at the interview was a substantial and sufficient notice of the landlord's demand that the tenant should vacate within 30 days thereafter. Whether that be so is a mixed question of law and fact. The burden was upon the landlord to prove the contention by a preponderance of the evidence. 16 R. C. L., sec. 628.

. It is true that ordinarily a notice is not to be strictly construed; it being sufficient if the intention of the party to exercise the option is fairly communicated. 16 R. C. L., sec. 629.

The plaintiff had two witnesses, Scruggs, a son of the former landlord, and Biber, the husband of the then present landlord.

It is true the landlord told the tenant she wanted possession of the house, and what was said amounted to a demand for the present possession of the house. But that was not pursuant to the contract which the landlord sets up; by it the landlord was not entitled to possession until 30 days after notice. It was the landlord's duty under the contract to notify the tenant that at least 30 days after such notification the contract would terminate. That procedure would have left no room for the tenant to parley; and, until that procedure (provided by the parties) was practiced, the tenancy continued in force.

· It is true Scruggs testified, "I. gave 60 days' notice as a matter of courtesy," and "I don't remember the date I gave him notice to vacate." But in the same connection, in answer to his own counsel, he testified that "a day or two after that" he went with the new landlord (Biber) to the tenant's place of business, and told him "he had sold the house and wanted possession, and asked him how soon he could have it; he said he would not say; said he would get out as soon as he could, but would not name any date." And on the cross-examination the witness

said the tenant told him "he would get out as quick as he could. I pressed him for a date. He just said he would not set a date. * * * The gist of the reply was that he was going to get out as soon as he could, but would not set any date."

It is true, also, that Biber testified: "I heard Scruggs give him notice on that occasion, a very heated argument."

But the witness immediately said: "Scruggs told him he had sold the house, and wanted to know when Dillingham would give up. * * * Dillingham would not tell just when he would give up the house; said he would give it up, but would not say when. Mr. Scruggs said that was very unsatisfactory. In talking Dillingham, as I understood. said he had 30 days, and Charlie (Scruggs) had to give him 30 days."

It is manifest from the testimony of both the witnesses— and that quoted is the heart of it—that the demand and the parley was a notice to quit then, and for a then possession. The witness did not expressly or by implication define what was the substance of the notice to quit, whether now or 30 days hence. The testimony does not warrant the conclusion that, proceeding under the contract, the landlord noticed the tenant to quit 30 days after such notice.

The landlord manifestly was proceeding to make the "demand for possession" referred to in the statute. But the "demand for possession" therein referred to becomes operative only "after the expiration of the * * * contract for rent." The contract had not expired; so the demand which the landlord made at the interviews referred to did not entitle him to put in force the remedies of the statute.

It is said, however, that even if the tenant was entitled to have at the hands of the landlord 30 days' notice of the termination of the contract, and the appellant does not deny so much, yet the tenant's conduct amounted to a waiver of such a right.

That amounts to saying that the tenant knew his right to have 30 days' notice, but, while conscious of it, he elected not to reply upon it.

The testimony shows the contrary; Biber expressly testified that the tenant declared to him that "Charlie (Scruggs) had to give him 30 days' notice."

The judgment is affirmed.