14015

HUTTO v. WIGGINS

(178 S. E., 869)

*Mr. M. E. Zeigler,* for appellant,

*Messrs. W. C. Wolfe* and *D. H. Dantzler,* for respondent,

March 11, 1935.

The opinion of the Court was delivered by Mr. Justice Bonham.

The 30th day of October, 1933, the respondent and the appellant entered into a written agreement relating to real estate, the nature of which instrument is a matter of controversy in this action, viz.: Is it an option to purchase running from Wiggins to Hutto, or is it a contract of sale and purchase? The instrument is on a printed form styled "Option." It recites:

"For the sum of $10.00 to me, John L. Wiggins, in hand paid at and before the sealing and delivery of these presents, by Paul E. Hutto, the receipt whereof is hereby acknowledged, I, John L. Wiggins have bargained and agreed, and do hereby bargain and agree to sell to the said Paul E. Hutto, his heirs or assigns, the following described property: [Here follows the description of the land], for the sum of $1,650.00 payable as follows: [Then follow the

terms and manner of payment], provided the said John L. Wiggins can furnish marketable title in fee simple, and also provided that said Paul E. Hutto can obtain a loan to enable him to raise, with the amount he has, the sum required to make payment in full.

"For and in consideration of this option the sum of ten dollars is paid by Paul E. Hutto and is acknowledged by John L. Wiggins.

"Provided this option is exercised and accepted within ninety (90) days from the date hereof.

"Dated at Holly Hill, S. C., this 30th day of October A. D. 1933.

"JOHN L. WIGGINS [L. S.]

"Accepted: Paul E. Hutto."

The paper was prepared in duplicate by the attorney of Paul E. Hutto. When they were presented to John L. Wiggins, he objected to them because no consideration was stated for the option, and he objected that the term of ninety dayse in which to exercise the option was too long; he preferred sixty days. Hutto assented to the amendments. Thereupon Wiggins, with his pen, inserted in the first line of the paper marked "Exhibit A" the figures "10" after the dollar mark, and in both papers he inserted with his pen the following: "For and in consideration of this option the sum of ten dollars is paid by Paul E. Hutto and is hereby acknowledged by John L. Wiggins." After the word "ninety" in Exhibit A, he inserted in ink the figures "60," but did not erase the printed word "ninety," nor write in ink the word "sixty." In Exhibit H he did not insert the figures "10" in the first line; he did erase the printed word "ninety" and write over it the word "sixty" and in the same line insert the figures "60."

Hutto did not pay, nor offer to pay, the purchase price of the land within sixty days after the signing of the papers. Within a short time after the expiration of that period, he notified Wiggins that he was ready to comply, but Wiggins

refused to accept payment on the ground that the option had expired. Thereupon Hutto brought action in the County Court of Orangeburg County for the specific performance of the contract. The trial Judge decreed specific performance, holding that the instrument of writing was not an option but a contract of sale, that time was not of the essence of the contract, and that Hutto was ready and offered to comply with his obligation of purchase within a reasonable time. The appeal is from this decree.

Two cardinal questions are made by the exceptions, viz.:

"Is the written instrument an option to sell; or, is it a contract of sale and purchase?

"Is time of the essence of the agreement?"

As to the first question:

"An option is to be distinguished from a sale, or a contract, or agreement or offer to sell. The chief difference between a contract to sell and purchase real property, and an option to purchase said property lies in the fact that, while the former creates a mutual obligation on the part of one party to sell and the other to purchase, the option merely gives the right to purchase, at a fixed price, within a fixed time, without imposing any obligation to do so. * * *" 66 C. J., 488, § 13.

"Whether a particular instrument is an option or a contract for the purchase of land is to be determined from the intention of the parties *as evidenced by the instrument itself, and where the language is doubtful, in the light of the attending circumstances, and the construction placed upon it by the parties.*" (Italics added.) *Id.,* 490.

"A test in determining in which of the categories a particular instrument is to be placed is said to be, 'Could the agreement be specifically enforced?' " *Id.,* 490.

Examined by these standards, what does the instrument disclose? It was prepared, let it be remembered, by the attorney of Hutto. He used for the purpose a paper bearing this heading, "Form 298—Option." It contains the printed

words, "Provided this option is exercised and accepted,"
etc. There is written into the paper the words, "For and in
consideration of," etc. There was also inserted the figures
"$10" as a consideration for the option. This would not
have been done if the parties had considered it a contract of
sale mutually binding on the parties. The payment and re-
ceipt of this payment obligated Wiggins to convey the land
to Hutto if the latter performed his part of the obligation,
viz., to pay the agreed price in the specified time. By the
terms of this option, if Wiggins failed in his obligation, and
Hutto performed his, Wiggins could be compelled at law to
perform his. Reverse the conditions of the proposition, and
it is evident that Wiggins could not compel Hutto to a spe-
cific performance of the contract. The paper does not so
obligate him. It is clear that the parties understood this to
be an option. Under the sixty-day limit it would expire De-
cember 29, 1933. Mr. Dantzler, the attorney of Mr. Hutto,
wrote to Mr. Wiggins on the 26th of December in these
words: "Mr. and Mrs. Hutto do not quite understand why
it takes some time to get these abstracts in order, and they
are fearful that *the money will not get back in time to close
before their option expires. I have thought that you would
be glad to give them several days more time, for the reasons
stated, and I have written out an extension,*" etc. (Italics
added.)

Mr. Wolfe, also attorney for Mr. Hutto, wrote to
Mr. Wiggins, in which he speaks of the paper as
"An option or contract to purchase a tract of land.
* * * All covenants * * * contained *in the option
signed by you.*" (Italics added.) It would appear that Mr.
Wolfe considered it an option. He said further in his letter:
"Mr. Hutto has, in my opinion, until January 27, 1934, *or
ninety days from October 30th, 1933, to tender you pay-
ment,*" etc. (Italics added.) This issue of time limit was
settled by the trial Judge against the contention of the plain-
tiff. He held: "I find from the testimony, and so hold, that

the original instrument of writing was intended by the parties to have a time limit of sixty days instead of ninety days." From this finding there was no appeal.

The trial Judge holds that, "When the plaintiff accepted in writing the provisions of the alleged option, that the same ripened into an enforceable contract against either the plaintiff or the defendant."

This holding is predicated upon the further holding: "It was not stated in the contract that time is the essence of the contract."

It is difficult to comprehend how it would be possible more clearly to make time of the essence of the contract than was done in this instance. It will not be claimed that, in order that time be of the essence of a contract, it must be so stated in exact language. It may be inferred from the language of the contract and the conduct of the parties.

"At law the general rule laid down by many, particularly early authorities, is to the effect that a time stipulated in a contract for its performance is of its essence, unless a contrary intent appears from the face of the contract, that is to say if a person promises another to do a certain thing by a certain day in consideration that the latter will do something for him, the thing must be done by the date named, or the latter is discharged from his promise." 13 C. J., 686, § 783-c.

In the case at bar, when the paper was prepared by plaintiff's attorney and presented to the defendant, it contained a provision that the option must be exercised within ninety days. The defendant objected to the time limit and on his insistence the limit was changed to sixty days. He explained to plaintiff why he wished the change; in other words, he made it appear why the fixing of the time was essential. It is true that this strict rule has been somewhat relaxed in equity.

"In equity, as a rule, time will not be regarded as of the essence of the contract unless it affirmatively appears that

the parties regarded time as an essential element of their bargain. But although time is not made of the essence of the contract by express stipulation, it may, nevertheless, be held to have been so intended from the nature of the contract. A new agreement extending the time of performance of a contract is evidence that the parties considered time material." 13 C. J., 686, 687.

That is what was attempted here. The plaintiff, by his attorney, applied to the defendant for an extension of the time of performance on the basis of a sixty-day limit. Other counsel for plaintiff contended that the time limit fixed in the option had not expired; that it was ninety days.

It is patent that all of the parties considered time to be of the essence of this contract.

The trial Judge takes the position that the use of the word "accepted" and the signing of the paper by Hutto converted the paper into a contract of sale of which time was not an essential element.

We think that the far more reasonable interpretation of the word "accepted" and the signature of Paul E. Hutto is that the defendant, having insisted upon changes in the instrument as prepared by plaintiff, inserted the word "accepted" and required the signature of Hutto as confirmation of the additions made thereto.

The internal and external evidence that the paper is an option cannot be thus overcome.

The judgment of the Court below is reversed, with direction to enter judgment for defendant.

Messrs. Justices Stabler and Carter and Messrs. Acting Associate Justices M. M. Mann and Philip H. Stoll concur.