19927

Ava B. DAVIS, Respondent, v. SATTERFIELD CONSTRUCTION CO., INC., Appellant, and J. L. BROWN, Respondent, v. SATTERFIELD CONSTRUCTION CO., INC., Appellant (two cases).

(210 S. E. (2d) 596)

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant,*

*Messrs. Jennings & Jennings,* of Bishopville, *for Respondents,*

December 12, 1974.

Moss, Chief Justice:

Satterfield Construction Company, Inc., the appellant herein, had a contract, File No. 31.317, with the South Carolina State Highway Department for the construction of a section of Interstate Highway 20 through Lee County, South Carolina. In connection with the grading of the highway it was necessary for the appellant to have borrow pits from which earth could be taken for use in making the fills or constructing and maintaining the embankments of the road.

It appears that on January 27, 1970, the appellant executed separate written instruments with Ava B. Davis and J. L. Brown, the respondents herein, concerning the use of material from their lands. We quote in full the instrument executed between the appellant and Ava B. Davis.

## "SATTERFIELD CONSTRUCTION CO., INC.
### GENERAL CONTRACTORS

DATE: January 27, 1970

### OPTION TO PURCHASE
"(I) (we) the undersigned do agree to sell to Satterfield Construction Company, Inc., P. O. Drawer 279, Greenwood, South Carolina Borrow Pit material from lands being owned by (me) (us) and described as follows: Being in Lee County South Carolina, west of Interstate Highway I-20 adjacent to highway right-of-way and approximately between survey stations 1559 and 50 and 1562 and 28.

### PROVISIONS
1. Satterfield Construction Company, Inc., agrees to use all of material remaining on west side of I-20. To be approximately seven (7) acres—more or less.

2. Satterfield Construction Company, Inc. to pay Three Hundred Dollars ($300.00) per acre.

3. Debris to be placed on land of owner.

4. Satterfield Construction Company, Inc. to have right-of-way through lands of owner for haul road—most practical route.

5. To have and to hold until completion of File No. 31.317.

6. Depth to be determined by Satterfield Construction Company, Inc.

7. Property lines to be established by property owners.

SATTERFIELD CONSTRUCTION
    COMPANY, INC.,

by /s/ R. H. TIMMERMAN,
Witness

/s/ CHARLES R. COTTEN,

                    Owner(s)

                    /s/ AVA B. DAVIS,
                    Witness

                    /s/ L. M. DAVIS,

                    /s/ J. L. BROWN."

The instrument executed by the appellant with J. L. Brown was essentially the same as that above quoted but had to do with a borrow pit containing eight acres more or less.

Each of the respondents instituted an action against the appellant alleging that the agreement signed by the parties was a contract whereby the appellant agreed to buy and the respondents agreed to sell material from their respective tracts of land for the sum of $300.00 per acre. They further alleged the substantial completion by the appellant of its contract with the South Carolina State Highway Department and the failure to comply with the terms of the con-

tracts made by it with the respondents. It is further alleged that the appellant has breached the respective contracts with each of the respondents, resulting in damage to Davis in the sum of $2,100.00, and to Brown in the sum of $2,400.00.

The appellant, answering the complaints, admitted the execution of the documents hereinbefore described but alleged that such were options to purchase which it never exercised and demanded that the complaints be dismissed.

Each of the respondents, pursuant to Circuit Court Rule 44, moved before the Honorable Dan F. Laney, Jr., Resident Judge, for summary judgment based upon the ground that the documents sued upon were admitted by the appellant. The appellant also moved for a summary judgment on the ground that the documents referred to in the complaints were options to purchase rather than contracts for the sale and purchase of borrow pit material. No affidavits were submitted by either party.

The motions of the parties to these actions were heard by the resident judge, and on September 15, 1973, he issued his orders holding that the documents sued upon were binding bilateral contracts, and the appellant had not complied with the provisions thereof. He further held that the appellant had breached its contracts with the respondents and ordered judgment in their favor. The appellant duly served notice of intention to appeal.

The appellant charges error on the part of the trial judge in holding that there was no material issue of fact and that the agreement in question was, as a matter of law, a contract of purchase and sale.

Circuit Court Rule 44 permits the granting of summary judgment where the showing before the court establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. However, the trial judge should deny summary judgment where there is a genuine

issue as to any material fact. *Spencer v. Miller,* 259 S. C. 453, 192 S. E. (2d) 863.

The record fails to show that the appellant made any objection to the case being heard and disposed of on a motion for summary judgment. The orders of the trial judge do not indicate that the appellant asserted that genuine issues of material fact existed. The respondents, in their brief, make the unchallenged statement that "at no time before the Circuit Court did either party contend that any issues of fact existed that should be determined by a jury." It clearly appears from the pleadings that the only matter to be determined was the construction of the written documents in question. In effect both parties agreed that the facts were not in dispute and that the court should construe the written instruments that the parties had executed. The appellant did not take the position that the writings were ambiguous but insisted that they were clearly options to purchase. It thus appears that the sole question for determination made by the motions for summary judgment was whether the instruments between the parties were options or bilateral contracts of purchase and sale.

In *Hutto v. Wiggins,* 175 S. C. 202, 178 S. E. 869, in considering whether a written instrument is an option to sell or is a contract of sale and purchase, we said:

"* * * The chief difference between a contract to sell and purchase real property, and an option to purchase said property lies in the fact that, while the former creates a mutual obligation on the part of one party to sell and the other to purchase, the option merely gives the right to purchase, at a fixed price, within a fixed time, without imposing any obligation to do so."

It is the contention of the appellant that the designation at the head of the instrument "Option to Purchase" determines the nature of the instrument. We think not.    . . .

The nature of a contract as an option or obligation to purchase is to be determined not by the name which the parties have given it, but by the nature of the obligation which it imposes, because the law regards substance and not form. *Suburban Improvement Co. v. Scott Lumber Co.*, 59 F. (2d) 711, 87 A. L. R. 555.

In the instrument above quoted, the respondent Davis agreed to sell to the appellant borrow pit material from seven acres of land owned by her. The appellant agreed to use this material and to pay therefor $300.00 per acre and to have and to hold the same until the completion of File No. 31.317.

We think the trial judge was correct in determining that the instrument in question was a contract of purchase and sale and not an option. The instrument imposed the obligation upon the respondent Davis to sell and the appellant to use the borrow pit material for the consideration mentioned. Significantly, it was agreed that the appellant was "to have and to hold until the completion of File No. 31.317." This, in our opinion, fixed the time within which the appellant had to remove the borrow pit material. Such a provision is not a time limitation within which the appellant was to exercise the so-called option but was clearly the time within which it had to remove the borrow pit material under the terms of the contract.

The instruments here being considered were signed by both parties. The mere fact that a paper in the language of an option is signed by an optionee does not convert it into a bilateral contract. However, the only construction that can be placed upon the instruments between the parties is that the appellant intended to bind itself to use all of the borrow pit material from the lands of the respondents in the construction of a section of Interstate Highway 20. It could not use the borrow pit material unless it had entered into a contract to purchase such material from the landowners.

It is our conclusion that the trial judge correctly held that the instruments executed by the parties were contracts for purchase and sale and not options. He correctly granted the respondents' motions for summary judgment.

The judgments below are,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.