0963

Jack M. RICE, Partner, Jack M. Rice, Jr., Partner, Mary Clay Burnish, Partner, d/b/a Three R. Realty, Appellants v. NATIONAL ADVERTISING COMPANY, Respondent.

(357 S. E. (2d) 189)

Court of Appeals

*W. Jefferson Leath, Jr.*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellants.*

*William C. Helms, III*, of *Barnwell, Whaley, Patterson & Helms*, Charleston, *for respondents.*

Heard April 20, 1987.

Decided May 26, 1987.

SANDERS, Chief Judge:

Appellants Jack Rice, Jack M. Rice, Jr. and Mary Clay Burnish, d/b/a Three R. Realty brought suit for ejectment against respondent National Advertising Company. The Master-in-Equity denied this relief. We affirm.

The essential facts are undisputed.

The Rices and Mrs. Burnish, doing business as Three R. Realty, leased a number of locations for billboards to National Advertising Company. The leases provide for an initial term of ten years and that National Advertising would pay Three R. either specified minimum monthly rentals or

fifteen percent of the net billing for each location, whichever is greater.

The leases further provide that: "Rent shall be deemed to have been made on the date(s) scheduled unless Lessor notifies Lessee of non-receipt of payment."

National Advertising paid Three R. the specified minimum monthly rentals for three years but did not pay additional amounts due based on the percentage of 'the net billings for five of the locations. The failure of National Advertising to pay the additional amounts due resulted from a clerical error in its office. Following an inquiry on behalf of Three R. in April of the fourth year, National Advertising tendered an amount in excess of the additional amounts due.

Mr. Jack Rice refused the tender on behalf of Three R. and this action for ejectment of National Advertising followed.

Three R. argues that it is entitled to ejectment as a matter of law under Section 27-35-140, Code of Laws of South Carolina, 1976. This section provides that the failure to pay rent when due terminates all tenancies and the tenant must forthwith vacate the premises.

The argument of Three R. overlooks the provision of the leases quoted above. By agreeing that the rent due under the leases is deemed to have been paid unless notice is given of non-receipt of payment, the parties agreed in effect that the rent would not be past due until notice was given that it had not been received. *Cf. Biber v. Dillingham,* 111 S. C. 502, 504, 98 S. E. 798, 799 (1919) ("As the parties in this case have entered into a contract as to the time and mode of terminating the tenancy, their rights are to be determined by the fair construction of that contract, and not by the technical rules which apply to the termination of a tenancy at will where there is no contract on the subject.").

Three R. argues that the quoted provision refers only to the specified minimum monthly rentals because the additional amounts based on the percentage of net billings are not "scheduled" under the leases. We reject this argument for two reasons. The leases do not provide any certain dates for the payment of either the monthly rentals or the additional amounts. Therefore, there is no reason to make any distinction between the two methods of determining the

amounts of rent due under the leases. Moreover, the issue presented by this argument does not appear to be raised by any exception and was definitely not briefed on appeal. *See Carolina Attractions, Inc. v. Courtney,* 287 S. C. 140, 143, 337 S. E. (2d) 244, 245 (Ct. App. 1985) ("Failure to raise an issue by exception constitutes a waiver and a provision in an order neither excepted to nor briefed is not properly before the Court on appeal.").

For these reasons, the order of the Master-in-Equity is

Affirmed.

BELL and GOOLSBY, JJ., concur.