2040

J.W. HUNT Jr., Appellant v. HAPPY VALLEY LIMITED PARTNER-SHIP, Respondent. Edward Leigh HUNT, Robert Bidger Hunt, Jettie Hunt Kleinman, and Marie Hunt Haynes, individually and as General Partners of Happy Valley Limited Partnership, and Happy Valley Limited Partnership, Respondents v. James Wesley HUNT, Jr., and William Rion Hunt, Appellants.

(434 S.E. (2d) 285)

Court of Appeals

429

*Russell T. Burke,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellants.*

*Ronald E. Boston,* of *Turner, Padget, Graham & Laney,* Columbia, *for respondents.*

Submitted Apr. 12 1993; Decided July 6, 1993.

Reh. Den. Sept. 9, 1993.

*Per Curiam:*

J.W. Hunt, Jr. (Hunt) brought an action against the Happy Valley Limited Partnership (Happy Valley)[1] to determine his rights under an agreement with J.W. Hunt, Sr. (the father) which allowed him to live on and operate the family's tree farm. The matter came before the trial court on cross motions for summary judgments. The trial court granted the partnership's summary judgment motion and Hunt appeals. We affirm.

Hunt's father owned a large tract of land operated as a tree farm. In 1982, Hunt and his father entered into an agreement which allowed Hunt to occupy the land in return for Hunt's services in maintaining and supervising the timber crops. Additionally, the agreement provided:

> 3. J.W. Hunt, Sr. shall have the right to terminate this agreement at any time by giving written notice of termination to J.W. Hunt, Jr. This right of termination shall cease with the death of J.W. Hunt, Sr.

[1] The partnership currently consist of Hunt and five of his siblings.

4. If not terminated pursuant to paragraph 3 above, this agreement shall remain in full force and effect after the death of J.W. Hunt, Sr. for so long as [Hunt] desires to occupy the Premises, and this agreement shall be binding upon the executors, administrators, heirs and devisees of J.W. Hunt, Sr.

In March of 1984, the father formed the Happy Valley Limited Partnership. The father was the general partner, and Hunt, his mother and five siblings were limited partners. The father then deeded the tree farm to the partnership. Hunt signed the partnership agreement. Hunt continued to occupy and operate the tree farm. When the father died, Hunt and his brother, Will Hunt, were made general partners. Soon, thereafter, the other limited partners became dissatisfied and sought an accounting. Subsequently, they have removed the general partners and have replaced them with Marie Hunt Haynes.

The trial court found that the father terminated the tenancy at will[2] when he conveyed the land to the partnership in fee simple. We agree and affirm.

## I. DISCUSSION

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Cafe Assocs., Ltd. v. Gerngross*, 305 S.C. 6, 406 S.C. (2d) 162 (1991).

We find no merit in this appeal. "A tenancy at will is terminable by any act of ownership on the part of the landlord inconsistent with the nature of the estate, such as a conveyance or lease by the landlord, at least where there is notice or knowledge thereof on the part of the tenant." 49 Am. Jr. (2d) *Landlord and Tenant* § 77 (1970).

Relying on *Biber v. Dillingham*, 111 S.C. 502, 98 S.E. 798 (1919), Hunt argues that his tenancy at will was never terminated because he never received written notice of the termination as specifically provided for in the

---

[2] Both parties and the trial judge concurred that the agreement created a tenancy at will prior to the father's death. The trial judge's ruling, therefore, is the law of the case and we do not decide whether the agreement created an estate or tenancy other than a tenancy at will.

agreement. Without addressing the applicability of *Biber* to these facts, we hold that Hunt had notice of termination. The father's conveyance of the property to the partnership, which released the father of al his rights in and pertaining to the land with no reservations, served as sufficient written notice to terminate Hunt's tenancy under the agreement.

Additionally, Hunt signed the partnership agreement which specified the property as the initial capital contribution to the partnership. By doing so he acknowledged the termination of his tenancy at will. We hold that Happy Valley is entitled to summary judgment as a matter of law.

For the foregoing reasons, we affirm.

Affirmed.