24283

Gordon K. FAULKNER, Respondent v. John P. MILLAR, Mary M. Millar and Charter I Realty, a South Carolina Corporation, Defendants, of whom John P. Millar and Mary M. Millar are Appellants.

(460 S.E. (2d) 378)

Supreme Court

*Barry L. Johnson,* of *Biel, Clark & Johnson;* and *Mark H. Lund,* of *Lovit & Scarminach,* Hilton Head Island, *for appellants.*

*Douglas W. MacNeille,* of *Ruth & MacNeille,* Hilton Head Island, *for respondent.*

Heard Apr. 5, 1995.

Decided July 24, 1995.

WALLER, Justice:

John and Mary Millar (Sellers) appeal an order of the Master in Equity requiring them to refund the $45,000 earnest money deposit paid by Respondent, Gordon Faulkner (Purchaser), on their Hilton Head home. Sellers were also ordered to pay Purchaser $28,697.98 in costs and attorneys fees. We affirm.

## FACTS

The dispute in this matter concerns a contract between the parties under which Purchaser was to buy Sellers' home in Wexford Plantation. Central to the dispute is an Addendum which states, in part:

> Purchaser(s) obligations hereunder are subject to a satisfactory engineering report . . . **Said inspection shall be completed on or before ten days after Seller(s) acceptance of this contract.** If said report is unsatisfactory to the Purchaser due to any significant defect(s) . . . and if the Seller(s) and the Purchaser(s) cannot come to an agreement to their mutual satisfaction, then the **Purchaser(s) shall have the option to terminate this agreement by giving Seller(s) and Broker written notice on or before the above specified completion date,** in which case, all sums paid on account of the Purchase Price shall be returned to the Purchaser(s) and this agreement shall terminate at once. Failure of Purchaser(s) to give Seller(s) and Broker this written notice shall be a waiver of this right to terminate and this agreement shall continue in full force and effect free from any such condition. . . . (Emphasis supplied.)

An inspection performed within ten days of Sellers' acceptance revealed structural defects/settlement to the home and Purchaser, through his realtor, Dale Dawson,[1] and his attor-

---

[1] Dawson's agency disclosure form reveals that she was, in fact, representing the Sellers.

ney, advised Sellers' realtor and Sellers' attorney he would need a few more days to involve a structural engineer for a closer inspection. After further inspection, on April 10, 1995, Purchaser's attorney sent a letter to Sellers' attorney advising that Purchaser was exercising his right to terminate the contract pursuant to the addendum. Sellers refused to accept Purchaser's termination of the contract contending it had not been made within 10 days of Sellers' acceptance of the offer, as required by the Addendum.

Thereafter, Sellers repaired the defects[2] and insisted upon going through with the closing. Purchaser refused and brought this action for specific performance seeking recovery of his $45,000 earnest money deposit, plus costs and attorney's fees.

The Master in Equity ruled that the parties' contract was formed on April 2nd or April 3rd, such that Buyer's termination on April 10th was within the 10-day period provided for in the Addendum. The Master ruled, in the alternative, that even if the contract was formed on March 23rd as Sellers contended, time was not of the essence, such that Buyer was nonetheless entitled to terminate the contract. We concur with the Master's ruling that time was not of the essence.[3]

## ISSUE
The sole issue we address is whether the Master correctly ruled that time was not of the essence such that Purchaser properly exercised his termination rights on April 10th.

## DISCUSSION
It is well established in this state that time is not of the essence of a contract to convey land unless made so by its terms expressly or by implication. *Bishop v. Tolbert*, 249 S.C. 289, 153 S.E. (2d) 912 (1967). When the contract does not include a provision that "time is of the essence," the law implies that it is to be done within a reasonable time. *Hobgood v. Pennington*, 300 S.C. 309, 387 S.E. (2d) 690 (Ct. App. 1989).

---

[2] Buyer disputes that all defects were adequately remedied.

[3] In light of our holding, we need not address the Master's alternative ruling as to the date on which the contract was formed. *See e.g. Bell v. Bennett*, 307 S.C. 286, 414 S.E. (2d) 786 (Ct. App. 1992).

In equity, strict compliance with time limits contained in a contract will not ordinarily be enforced, except with regard to option contracts. *Dargan v. Page*, 222 S.C. 520, 73 S.E. (2d) 705 (1952).

■ Sellers contend the Addendum creates an option contract such that time is of the essence and exact compliance is required unless otherwise stated. *Tuxbury Lumber Co. v. Byrd*, 131 S.C. 32, 127 S.E. 267 (1925); *33 Flavors v. Hoffman's Candies*, 296 S.C. 37, 370 S.E. (2d) 293 (Ct. App. 1988). We disagree.

In *Hutto v. Wiggins*, 175 S.C. 202, 205, 178 S.E. 869, 871 (1935), we stated:

> An option is to be distinguished from a sale, or a contract, or agreement or offer to sell. The chief difference between a contract to sell and purchase real property, and an option to purchase said property lies in the fact that, while the former creates a mutual obligation on the part of one party to sell and the other to purchase, the option merely gives the right to purchase, at a fixed price, within a fixed time, without imposing any obligation to do so.

An option contract is a promise which limits the promisor's power to revoke an offer. RESTATEMENT (SECOND) OF CONTRACTS § 25. Typically, option contracts occur where the offeree pays the offeror to keep an offer to sell open. *Id.* at comment d.

Contrary to Sellers' contention, both parties here were mutually obligated to perform upon Sellers' acceptance of the contract. The mere fact that Buyer was entitled to avoid his contractual obligations upon the contingency of an unsatisfactory inspection does not transform an otherwise valid and binding contract into an option contract. *See e.g. Prime Group Inc. v. Northern Trust Company*, 215 Ill. App. (3d) 1065, 159 Ill. Dec. 918, 576 N.E. (2d) 841 (1991) (extension provisions giving Purchaser option to either terminate contract or pay a fee to extend period in which to conduct feasibility study did not transform contract into an "option contract"). Accordingly, as the contract was not an option, time was not of the essence and Buyer's exercise of his termination rights on April 10th was reasonable.

Moreover, even were we to find the present contract to create an option, the Sellers are estopped to complain. We have previously recognized that a seller will not be permitted to declare a forfeiture of the rights of the buyer for nonperformance of any of the vital terms or conditions of the contract where such nonperformance has been with the express or clearly evinced tacit or implied consent of the seller. *General Motors Acceptance Corp. v. Herlong,* 248 S.C. 55, 149 S.E. (2d) 51 (1966). Silence, when it has the effect of misleading a party, may operate as equitable estoppel. *Southern Development Land and Golf Company, Ltd. v. S.C. Public Service Authority,* 311 S.C. 29, 426 S.E. (2d) 748 (1993). There is no requirement that the person whose silence misleads another have actual knowledge of the true facts if circumstances are such that knowledge is necessarily imputed to him. *Id.*

Here, within ten days of Sellers' acceptance of the offer, Buyer notified, in writing, Sellers' realtor and attorney that he needed more time to perform a closer inspection, and that buyer was reserving his right to terminate pursuant to the Addendum. Contrary to Sellers' contention, Buyer's notice to Sellers' realtor and attorney is binding upon Sellers. *Citizen's Bank v. Heyward,* 135 S.C. 190, 133 S.E. 709 (1925) (Notice to agent is notice to principal). Sellers' failure to object, after being put on notice of Buyer's need for additional time, led Buyer to believe he would be permitted additional time to conduct further inspections before being required to exercise the termination clause. Accordingly, we hold that Sellers are estopped to deny Buyer's right to terminate the contract pursuant to the Addendum.

The judgment below is

Affirmed.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.