**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Spanish Wells Investments, LLC, Respondent,

v.

Greg Luckenbill and Evelyn Luckenbill, Appellants.

Appellate Case No. 2015-000592

————————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

————————

Unpublished Opinion No. 2017-UP-112
Heard January 1, 2017 – Filed March 8, 2017

————————

**AFFIRMED**

————————

Steven Luther Alexander, of Alexander Law Firm, LLC,
of Pickens, for Appellants.

Russell Pierce Patterson, of Russell P. Patterson PA, of
Hilton Head Island, for Respondent.

————————

**PER CURIAM:** Greg and Evelyn Luckenbill (the Luckenbills) appeal an order issued by the master-in-equity finding the Luckenbills breached a contract in which they agreed to purchase a vacant lot from Spanish Wells Investments, LLC (Spanish Wells). On appeal, the Luckenbills argue the master erred by (1) finding the Luckenbills in default on the contract, (2) failing to find the contract terminated

on its own because it could not be performed within a reasonable period of time, and (3) denying the Luckenbills' directed verdict motion. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the Luckenbills defaulted on the contract: *Faulkner v. Millar*, 319 S.C. 216, 219, 460 S.E.2d 378, 380 (1995) ("It is well established in this state that time is not of the essence of a contract to convey land unless made so by its terms expressly or by implication."); *id.* ("When the contract does not include a provision that 'time is of the essence,' the law implies that it is to be done within a reasonable time."); *id.* at 220, 460 S.E.2d at 380 ("In equity, strict compliance with time limits contained in a contract will not ordinarily be enforced, except with regard to option contracts."); *Electro-Lab of Aiken, Inc. v. Sharp. Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("An action for breach of contract is an action at law."); *id.* ("The [master's] findings of fact [in a law case] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [master's] findings.").

2. As to whether the contract terminated on its own because it could not be performed within a reasonable period of time: *Edisto Island Historical Soc'y, Inc. v. Gregory*, 354 S.C. 198, 202, 580 S.E.2d 141, 143 (2003) ("[N]otice of termination must be given in accordance with the terms of the contract."); *Biber v. Dillingham*, 111 S.C. 502, 504, 98 S.E. 798, 799 (1919) (holding the parties' rights regarding termination of a contract are to be determined by construction of the terms in the contract regarding its termination rather than technical rules that would apply in the absence of such terms).

3. As to whether the master should have granted relief to the Luckenbills on their directed verdict motion: Rule 41(b), SCRCP (allowing the defendant in a nonjury trial, following presentation of evidence by the plaintiff, to "move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.