**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Levi Grantham, LLC, Appellant,

v.

Kathy Wright Mitchell, Respondent.

Appellate Case No. 2022-000470

———————

Appeal From Charleston County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-185
Submitted April 1, 2024 – Filed May 22, 2024

———————

**REVERSED**

———————

E. Brandon Gaskins, of Moore & Van Allen, PLLC, of
Charleston, for Appellant.

Donald Jay Budman, of Solomon Budman & Stricker,
LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** In this action for breach of contract, Levi Grantham, LLC
(Grantham) appeals the circuit court's grant of summary judgment in favor of
Kathy Wright Mitchell. On appeal, Grantham argues the circuit court erred in
finding its failure to close on the purchase of real estate within approximately one
year was unreasonable, time was of the essence to close on the purchase, and

Grantham had a full and fair opportunity to conduct discovery prior to the circuit court's grant of summary judgment. We reverse pursuant to Rule 220(b), SCACR.

We hold the circuit court erred in granting summary judgment in favor of Mitchell because, regardless of whether the "time is of the essence" provision applied to the entire purchase agreement, a geniune issue of material fact existed regarding the reasonableness of Grantham's actions. *See Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); *id*. at 109-10, 662 S.E.2d at 41 ("A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."); *Bishop v. Tolbert*, 249 S.C. 289, 300, 153 S.E.2d 912, 918 (1967) ("Generally, time is not of the essence of a contract to convey land unless made so by express terms, or by implication from the nature of the subject matter, the object of the contract, or the situation or conduct of the parties."); *Hobgood v. Pennington*, 300 S.C. 309, 314, 387 S.E.2d 690, 693 (Ct. App. 1989) ("Where time is not originally of the essence, it may be made so by one party giving notice to the other that he will insist on performance by a certain date, provided the time allowed by the notice is reasonable, which is a question of fact for the jury depending on the circumstances of the particular case."); *Faulkner v. Millar*, 319 S.C. 216, 219, 460 S.E.2d 378, 380 (1995) ("When the contract does not include a provision that 'time is of the essence,' the law implies that it is to be done within a reasonable time.").[1]

**REVERSED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] Because Grantham's first two issues are dispositive, we decline to address whether he was afforded a fair and full opportunity to conduct discovery. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that when a prior issue is dispositive of an appeal, the appellate court does not need to address any remaining issues).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.